People of the State of Illinois, Defendant in Error, v.
Virgil Dean Troesch, Plaintiff in Error.

### Gen. No. 65–14.

Fifth District.

April 8, 1965.

Rehearing denied May 18, 1965.

Virgil Dean Troesch, pro se, of Menard, plaintiff in
error.

William L. Turner, State's Attorney, Shelby County,
of Shelbyville, for defendant in error. No brief filed
for defendant in error.

PER CURIAM.

The defendant, Virgil Dean Troesch, pleaded guilty
in the Circuit Court of Shelby County, to the charge of
burglary and larceny. He was sentenced to the peni-
tentiary for a term of five to ten years, said sentence
to run consecutively to, and not concurrently with, a
one year to life sentence previously imposed on this
defendant. Acting pro se, he commenced a writ of

error proceeding in the Supreme Court, which transferred it to this court.

The defendant, at the time of the commission of the offense with which he was charged, was on parole, having previously been sentenced to a term of one year to life imprisonment in the Circuit Court of Macon County.

The instant proceeding was commenced by information. On arraignment, the Circuit Court appointed counsel, and after being duly admonished by the court, and on advise of counsel, the defendant executed a waiver of indictment. A plea of not guilty was entered and the case was set for trial.

On the date designated for trial, the defendant appeared with appointed counsel, withdrew his plea of not guilty, and after being duly admonished by the court, entered a plea of guilty, and persisted therein. Thereupon, the court entered judgment on the plea of guilty, and imposed a sentence of not less than five nor more than ten years, to be served consecutively to the sentence from which defendant was on parole.

In preparing the mittimus, the clerk failed to include therein that portion of the judgment which provided that the sentence was to run consecutively to, and not concurrently with, the previously imposed sentence. Approximately ten days later, this error having been called to the clerk's attention, a new mittimus was prepared and forwarded to the penitentiary.

The defendant, in a brief filed pro se, contends that the sentence is void for uncertainty, and is invalid because it was changed after he had commenced his term of imprisonment.

■■ The cases cited by the defendant are not in point. There was no attempt on the part of the court in this case to change the sentence imposed. The only act here involved is the correction of a clerical error in

the preparation of the mittimus. A prisoner duly convicted and sentenced to the penitentiary is confined not by virtue of the mittimus, but on account of the judgment and sentence against him in the trial court. If a mittimus is incorrect, a corrected mittimus may be issued at any time. People v. Cox, 401 Ill 432, 82 NE2d 463.

The record indicates that the court appointed counsel, that the defendant was admonished regarding his rights and the effect of a plea of guilty was fully explained to him. This defendant had had previous experience in court, and there is no reason to assume that he failed to comprehend the nature of the proceedings.

The sentence imposed is within the legal limits provided by statute, and the defendant's rights are not in any way prejudiced by the substitution of the corrected mittimus. The corrected mittimus accurately reflects the sentence imposed for the crime with which defendant was charged. The judgment is therefore affirmed.

Judgment affirmed.