THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHEVAE LANGSTON, Defendant-Appellant.

First District (2nd Division)   No. 1—00—1421

Opinion filed July 24, 2001.

Sharon G. Kramer, of Law Offices of Sharon G. Kramer, P.C., of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Mary L. Boland, and Linda Halperin, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GORDON delivered the opinion of the court:

Defendant Chevae Langston was found guilty of first-degree murder (720 ILCS 5/9—1(a)(2) (West 1994)) on January 26, 1996. On April 2, 1996, he was sentenced to 42 years in prison. At that time the trial judge informed him that he was not entitled to credit for good conduct and that he would have to serve 100% of his sentence pursuant to the truth-in-sentencing law. 730 ILCS 5/3—6—3(a)(2)(i) (West 1996) (defendant convicted of first-degree murder receives no good-conduct credit and must serve entire sentence imposed). Defendant subsequently appealed his conviction and sentence arguing, *inter alia*, that the truth-in-sentencing law was unconstitutional. His conviction and sentence were affirmed by the appellate court on April 10, 1998.

On May 14, 1998, defendant filed a petition for leave to appeal with our supreme court. Defendant's petition was denied on March 31, 1999. However, on that date our supreme court also entered a supervisory order instructing the appellate court to vacate and reconsider its decision of April 10, 1998, in light of *People v. Reedy*, 186 Ill. 2d 1, 708 N.E.2d 1114 (1999). In *Reedy*, our supreme court held Public Act 89—404, including its truth-in-sentencing provisions, unconstitutional because it violated the single subject rule. On May 16, 1999, pursuant to our supreme court's supervisory order, the appellate court vacated its earlier affirmation of defendant's direct ap-

peal and remanded the case to the trial court to correct the sentence so as to account for good conduct. On November 5, 1999, the trial court corrected its mittimus to account for good-conduct credit in accordance with the remand.

On September 27, 1999, defendant filed a postconviction petition. On the merits, the petition alleged that defendant was denied effective assistance of counsel for the following reasons: (1) his trial attorney failed to rebut the State's theory that defendant's conduct was motivated by gang membership; (2) his trial attorney failed to present mitigating evidence at his sentencing hearing on April 2, 1996; (3) his trial counsel failed to file a motion for reconsideration of his sentence; and (4) his trial counsel did not accept a 10-year plea agreement offered by the State. The petition also alleged that defendant was denied the right to choose his counsel because his trial counsel did not disclose that he had previously represented defendant's father.

The defendant's postconviction petition acknowledged that it was not timely filed but asserted that the delay was not due to culpable negligence. The petition avers that it was filed late because defendant's counsel was awaiting the outcome of a pending petition for leave to appeal before our supreme court in the instant case and was also awaiting the supreme court's decision in the *Reedy* case, which was also then pending. The petition further states that "[c]ounsel was focusing on Petitioner's pending PLA and the then pending *Reedy* case. A positive result in *Reedy* could have yielded the possibility of resentencing thereby eliminating the need to file this action. If the PLA had been granted, counsel would have file[d] her appearance with the Illinois Supreme Court. Frankly, counsel was trying to save Langston's family additional expenses for unnecessary litigation." The petition then states that "counsel also focused on the pre-1995 law which allowed either the time from the denial of the PLA or 3 years from the time of sentencing 'whichever is *later*' " in which to file a postconviction petition. (Emphasis in original.)

On November 5, 1999, the trial court corrected the mittimus to account for good-conduct credit. Defendant's postconviction petition was dismissed on February 18, 2000. In dismissing the petition the court stated that it "was not untimely due to petitioner's culpable negligence." The petition, however, was "dismissed on the merits." Defendant's motion to reconsider that dismissal was denied on March 31, 2000. This appeal followed.

On appeal, the State revisits the issue of timeliness and alleges that the petition warranted dismissal because it was untimely and that we may sustain the trial court on any ground supported by the record. Defendant, however, urges as he did below, that he was not

culpably negligent in filing his postconviction petition late because of his reliance on his counsel's decision to await the decision in *Reedy*. The State, however, responds that defendant's petition was properly dismissed because his assertions in his petition that he was not culpably negligent are insufficient as a matter of law under our supreme court's recent decision in *People v. Rissley*, No. 82536 (March 15, 2001), in which the court rejected reliance on advice of counsel as a sufficient excuse to negate culpable negligence for delay in filing. We agree with the State.[1]

■ Section 122—1(c) of the Post-Conviction Hearing Act provides in relevant part as follows:

"No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or more than 45 days after the defendant files his or her brief in the appeal of the sentence before the Illinois Supreme Court (or more than 45 days after the deadline for the filing of the defendant's brief with the Illinois Supreme Court if no brief is filed) or 3 years from the date of conviction, whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122—1(c) (West 1998).

In this case, defendant's petition was denied on March 31, 1999; thus, the six-month statutory period following that date expired on September 30, 1999. Defendant's conviction was final on April 2, 1996; thus, the three-year period following that date expired on April 2, 1999. Defendant's postconviction petition was therefore due on April 2, 1999, the earlier of those two dates pursuant to section 122—1(c). Since defendant's postconviction petition was filed on September 27, 1999, it was therefore too late.

Defendant urges that his petition was not due until three years after November 5, 2001, the date on which the trial court corrected defendant's sentence after the remand from the appellate court. This is the date, defendant argues, on which his first *valid* sentence was imposed and thus it must be considered the date of conviction for purposes of section 122—1(c).

■ We agree that the limitations period is triggered by the date of sentencing. See *People v. Woods*, 193 Ill. 2d 483, 739 N.E.2d 493 (2000). However, while defendant is correct in asserting that the date of sentence is the trigger for the period of limitations, we are persuaded that the triggering event is the initial sentence, even though it was

---

[1]Because we find that defendant's petition was properly dismissed, we need not address his other arguments on appeal which relate to the merits of his petition.

invalid. Nothing in our supreme court's holding in *Woods* indicates that to trigger a final judgement and the running of the filing period, the sentence must be the correct one. Rather, *Woods* states that in determining the time for filing a postconviction petition the " 'date of conviction' means the date that *final* judgment including sentence was entered." (Emphasis added.) *Woods*, 193 Ill. 2d at 489, 739 N.E.2d at 496. Obviously, the imposition of a sentence, even though later held on appeal to be erroneous, would suffice to lend requisite finality for purposes of filing a postconviction petition as well as an appeal. In fact, the filing of a postconviction petition or appeal would be the vehicle through which erroneous sentences would be discovered and overturned. Thus, the fact that a sentence imposed by the trial court is later overturned would not defer the date for the filing of a postconviction petition to after the initial sentence is entered.

This is consistent with the fact that, under the limitations period imposed by section 122—1(c), a defendant may be required to file his postconviction petition prior to the completion of his direct appeal. *People v. Rissley*, No. 82536, slip op. at 4 (March 15, 2001) ("postconviction petitions must sometimes be filed before the termination of proceedings on direct appeal"); see also M. Levy, *Practice Under the Illinois Post-Conviction Hearing Act*, 11 Du Page County Bar Ass'n Brief 42 (January 1999) (prior to revision of section 122—1(c), postconviction petitions were not generally filed until direct appeal was concluded; however, "under the current limitations scheme, the defendant may need to file a post-conviction petition while his or her direct appeal is still pending"). For example, section 122—1(c) provides that when a defendant files a brief with our supreme court, the deadline for filing his postconviction petition is 45 days after the brief is filed. 725 ILCS 5/122—1(c) (West 1998). Clearly this would rarely leave sufficient time for our supreme court to render its decision in the direct appeal before the expiration of the filing period for the postconviction petition. *Cf. Rissley*, slip op. at 4. Accordingly, the statute on its face contemplates that the time for filing the postconviction petition may very well expire before a court of review has an opportunity to review the propriety of a defendant's sentence, even though the court of review may ultimately overturn the sentence. As it is well settled that statutes should be evaluated as a whole rather than as distinct pieces, we should not promote such a result in this case. See *Newland v. Budget Rent-A-Car Systems, Inc.*, 319 Ill. App. 3d 453, 456, 744 N.E.2d 902, 904 (2001) ("[s]tatutes should be evaluated as a whole").

Moreover, our holding herein does not prevent defendant from filing a second or subsequent postconviction petition to raise any

deficiencies in the subsequent proceedings regarding his sentence on remand which occurred after the deadline for the filing of the initial postconviction petition. While second or subsequent postconviction petitions are generally prohibited, our supreme court in *People v. Flores*, 153 Ill. 2d 264, 606 N.E.2d 1078 (1992), has opened the door for second or subsequent petitions in such situations. The *Flores* court held that a second or subsequent petition can be filed when a defendant is represented by the same attorney on direct appeal and in proceedings on his initial postconviction petition and wishes to allege ineffective assistance of counsel on direct appeal. The court reasoned that because the defendant was represented by his direct appeal counsel in his first postconviction petition, ineffective assistance of his counsel on direct appeal could not have been raised in the first post-conviction petition. The *Flores* court states that where a "claimed error is one which could not have been presented in an earlier proceeding, procedural bars may be ineffectual in bringing about that finality which ordinarily follows direct appeal and the first post-conviction proceeding. In such cases, there is the potential that a second or subsequent post-conviction petition may be filed." *Flores*, 153 Ill. 2d at 275, 606 N.E.2d at 1083. While the context of the holding in *Flores* is different than in the case at bar, we find that the reasoning applies equally well in this case as to any new matters raised after reversal and remand.

A defendant, however, would in any event be barred by *res judicata* from raising in a second or subsequent petition any claims which occurred before his initial petition was due, as they could have been raised in that first petition. 725 ILCS 5/122—3 (West 1998) ("claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived"); *People v. Erickson*, 183 Ill. 2d 213, 223, 700 N.E.2d 1027, 1032 (1998) ("a ruling on a post-conviction petition has *res judicata* effect with respect to all claims that were raised or could have been raised in the initial petition"). In the case at bar, all of the issues raised in the petition concern proceedings which occurred before the initial deadline for the filing of a postconviction petition. Consequently, defendant cannot, in this case, overcome his failure to timely file by arguing that his petition should be considered a timely filed second or subsequent postconviction petition.

Thus, as defendant's petition was filed after April 2, 1999, it was not timely. Accordingly, we must now address whether that late filing was excused because it was not due to defendant's culpable negligence. As we previously noted the State contends, based on *People v. Rissley*, that defendant's reasons for filing late (namely, that his counsel was to blame for the late filing rather than himself) are insufficient as a matter of law. We agree.

A late petition may be considered by the court if the defendant was not culpably negligent in filing late. 725 ILCS 5/122—1(c) (West 1998). In order to prevail under this exception, the defendant must allege that he was not culpably negligent. 725 ILCS 5/122—1(c) (West 1998). In the case at bar, the allegations that defendant was not culpably negligent are insufficient as a matter of law.

All of the allegations revolve around the failure of defendant's postconviction counsel to discern the correct deadline for the filing of his petition. Pursuant to the recent holding of our supreme court in the case of *People v. Rissley*, slip op. at 9 (March 15, 2001), a petitioner is responsible for the errors of his counsel which result in a late filing. A petitioner thus cannot claim that he was not culpably negligent because his petition was filed late due to his counsel's mistakes rather than his personal mistakes. *Rissley*, No. 82536, slip op. at 11 ("[r]eliance on advice of counsel does not constitute a lack of 'culpable negligence' sufficient to excuse an untimely filing of a post-conviction petition").

Defendant further urges, however, that we should make an exception to the decision in *Rissley* in those cases where the delay was occasioned in order to await a pending decision. Defendant contends that in the instant case his counsel's error should not constitute culpable negligence because the delay was designed to await the decision of our supreme court in *Reedy*. In support, the defendant cites *People v. Hernandez*, 296 Ill. App. 3d 349, 351-52, 694 N.E.2d 1082, 1083-84 (1998), in which the court held that delay occasioned to await forthcoming law could be sufficient to show that the delay was not due to culpable negligence. Arguably, where such a delay is attributable to advice of counsel, the result in *Hernandez* was overruled by our supreme court in *Rissley*, where it refused to consider a delay attributable to advice of counsel sufficient to show a lack of culpable negligence.

However, we need not determine this issue as the decision in *Reedy*, which resolved fully the issue of the validity of the truth-in-sentencing law, was decided well within the limitations period. *Reedy* was decided on January 22, 1999. Defendant's petition however, was not due until April 2, 1999. Counsel therefore had ample time after *Reedy* was decided to timely file defendant's petition, and we do not find a lack of culpable negligence in failing to do so. Furthermore, defendant argued in his petition that a positive outcome in *Reedy* could have eliminated the need for him to file a petition. This is clearly not the case. The outcome in *Reedy* favored defendant (the truth-in-sentencing law was declared unconstitutional), yet he filed a postconviction petition anyway based on other arguments involving the merits of his convic-

tion and sentencing issues unrelated to *Reedy*. Defendant's counsel's decision to await the decision in *Reedy* can thus hardly be a reason for delay lacking in culpable negligence. Neither can counsel's failure to timely file because of her failure to understand the law, nor due to a desire to save her client legal fees, be considered reasons which show a lack of culpable negligence.

Finally, defendant argues that since the trial court did not dismiss his petition as untimely but, rather, dismissed it on the merits, we are therefore bound to reach its merits on appeal. This argument has no basis in law. The review of the dismissal of a postconviction petition is *de novo* (*People v. Collins*, 319 Ill. App. 3d 193, 195, 743 N.E.2d 209, 211 (2000)) and we may affirm its dismissal on any basis with support in the record (*Material Service Corp. v. Department of Revenue*, 98 Ill. 2d 382, 387, 457 N.E.2d 9, 12 (1983)).

For the reasons discussed above, the judgment of the circuit court of Cook County is affirmed.

Affirmed.