THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DANIEL J. WRIGHT, Defendant-Appellant.

Second District   No. 2—02—0058

Opinion filed April 4, 2003.

760

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz and Joan M. Kripke, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:
Defendant, Daniel J. Wright, was indicted for the offense of unlaw-

ful possession of a controlled substance with the intent to deliver (720 ILCS 570/401(c)(2) (West 2000)). After a mistrial occurred, defendant pleaded guilty to a negotiated plea. On August 8, 2001, he was sentenced to a term of five years' imprisonment that was to be served consecutively to a sentence of two years' imprisonment for another conviction. On October 9, 2001, he filed a motion to correct the mittimus, requesting additional days' credit against his sentence for time already served. An amended mittimus was filed that same day. Defendant's subsequent *pro se* motion to withdraw his guilty plea and vacate the judgment was dismissed as untimely. Defendant timely appeals. We affirm.

■ As an initial matter, the State contends that this court lacks jurisdiction to hear defendant's appeal because defendant's motion to withdraw his guilty plea was not timely and, thus, his notice of appeal cannot be timely. We disagree that under those circumstances this court would be deprived of jurisdiction. A defendant waives his right to appeal a guilty plea under Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)) unless he or she files a timely motion to withdraw the guilty plea and a timely notice of appeal; however, we retain jurisdiction over the appeal. *People v. Flowers*, 333 Ill. App. 3d 60, 64-66 (2002), *appeal allowed*, 202 Ill. 2d 629 (2002). In any event, this court has jurisdiction to review a trial court's ruling on the timeliness of a motion to withdraw a guilty plea. See *People v. Wade*, 326 Ill. App. 3d 940, 942-43 (2001); accord *People v. Aldridge*, 219 Ill. App. 3d 520, 521-22 (1991).

■ The requirements for appealing from a judgment entered on a guilty plea are set forth in Rule 604(d). The rule states:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment. No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment." 188 Ill. 2d R. 604(d).

Defendant argues that the trial court erred by dismissing his motion to withdraw his guilty plea and vacate the judgment for untimeliness. Defendant contends that his motion was filed "within 30 days of the occurrence of the event which caused him to file the motion: the amending of his mittimus." In other words, he argues that, when the amended mittimus was filed on October 9, 2001, that was the "date on

which sentence was imposed" pursuant to Rule 604(d), and, therefore, he filed his motion to withdraw his guilty plea within 30 days of the sentencing date. We do not agree.

For defendant's motion to have been timely filed under Rule 604(d), we would have to construe the court's issuance of an amended mittimus as the same as if it issued a new sentence. A trial court's act of correcting a mittimus, however, is a ministerial act and does not change the underlying sentence. See, *e.g.*, *People v. Evans*, 45 Ill. 2d 265, 269 (1970); *People v. Miles*, 117 Ill. App. 3d 257, 259-60 (1983). The mittimus is a document directed to a sheriff, warden, the Department of Corrections, or other executive officer detailing a prisoner's sentence, which is often simply a copy of the judge's signed judgment or order. 735 ILCS 5/2—1801(a) (West 2000). It is not a part of the common law record, and the trial court may amend the mittimus at any time. *Miles*, 117 Ill. App. 3d at 259. In other words, the mittimus informs the person or entity detaining a prisoner about the specifics of the prisoner's sentence so that the prisoner's release date can be readily determined.

For example, in *People v. Troesch*, 57 Ill. App. 2d 466, 467 (1965) (*per curiam*), the defendant found a discrepancy between the court's sentencing pronouncement and the mittimus. Because of this discrepancy, he argued that his sentence was invalid. Disagreeing, the court noted that "[a] prisoner duly convicted and sentenced to the penitentiary is confined not by virtue of the mittimus, but on account of the judgment and sentence against him in the trial court." *Troesch*, 57 Ill. App. 2d at 468. The court corrected the mittimus to reflect the sentence it actually imposed, but that initial sentence was not changed, the *Troesch* court concluded. *Troesch*, 57 Ill. App. 2d at 468.

In *People v. Langston*, 342 Ill. App. 3d 1100 (2001), the court considered an argument very similar to defendant's. It examined whether an amended mittimus's filing date created a new "date of conviction" for the purposes of the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—1(c) (West 2000)). In that case, the trial court corrected the defendant's mittimus on remand to include good-conduct credit. *Langston*, 342 Ill. App. 3d at 1102. The defendant then contended that because his initial sentence was deemed invalid by the appellate court, his first valid sentence was imposed with the amended mittimus and, thus, that sentencing date must be considered the date of conviction for determining the time for filing a postconviction petition. The court disagreed, holding that "while defendant is correct in asserting that the date of sentence is the trigger for the period of limitations, we are persuaded that the triggering event is the initial sentence, even though it was invalid." *Langston*, 342 Ill. App. 3d at

1103-04. The final judgment's sentence does not have to be correct in order to start the time period for filing any postconviction petitions. *Langston*, 342 Ill. App. 3d at 1104. Rather, "in determining the time for filing a postconviction petition the ' "date of conviction" means the date that *final* judgment including sentence was entered' [Citation.]," regardless of whether the sentence is erroneous. (Emphasis in original.) *Langston*, 342 Ill. App. 3d at 1104.

■ We hold that the reasoning in *Langston* also applies to the present circumstances. Even though section 122—1(c) of the Act states that the "date of conviction" triggers the limitations period for filing postconviction petitions and Rule 604(d) states that motions to withdraw guilty pleas must be filed within 30 days "of the date on which sentence is imposed," both terms refer to the same event. The "date on which sentence is imposed" under Rule 604(d) means the date the judgment and sentence were filed. *People v. Franks*, 51 Ill. App. 3d 886, 888 (1977). Likewise, as we previously discussed, under section 122—1(c) of the Act, the "date of conviction" refers to the entry date of the judgment and sentence. *Langston*, 342 Ill. App. 3d at 1103.

■ Additionally, it appears that defendant is implicitly characterizing his motion to correct the mittimus as a motion to reconsider the sentence, which would toll the 30-day limitations period for filing a motion to withdraw a guilty plea. 188 Ill. 2d R. 604(d). However, where, as here, the defendant pleaded guilty to a negotiated plea, the motion-to-reconsider-the-sentence provision of Rule 604(d) does not apply. *People v. Wright*, 311 Ill. App. 3d 1042, 1043 (2000). Nevertheless, defendant's contention is without avail since the motion to correct the mittimus was filed almost two months after the sentencing date.

Defendant also argues that, in finding his motion untimely, the court erred by relying on the date the clerk's office received the motion rather than the verified date of mailing from the prison. We need not address this contention because, even if the motion was filed within 30 days of the issuance of the amended mittimus, that date was not within 30 days of the sentencing date as required by Rule 604(d).

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

HUTCHINSON, P.J., and CALLUM, J., concur.