No. 2--05--1225        Filed:  9-5-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 04--CF--2225 |
| COREY A. GREEN, | ) ) | Honorable Michael J. Burke, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE GROMETER delivered the opinion of the court:

Defendant, Corey A. Green, entered a partially negotiated plea of guilty to unlawful delivery of a controlled substance (720 ILCS 570/401(c)(2) (West 2004)).  He was sentenced to nine years' imprisonment and ordered to pay various fines and assessments.  Defendant did not move to withdraw the guilty plea and vacate the judgment, but instead moved to reconsider his sentence.  The trial court denied the motion, and defendant appealed.

On appeal, defendant contends that he is entitled to a statutory credit of $5 for each day that he was incarcerated before he was sentenced.  See 725 ILCS 5/110--14(a) (West 2004).  The State confesses error on the merits.  However, it contends that, because defendant did not follow Supreme Court Rule 604(d) (210 Ill. 2d R. 604(d)) by moving to withdraw his guilty plea and vacate the judgment, his motion to reconsider sentence was improper, making his notice of appeal untimely and

thus depriving us of jurisdiction over his appeal. We hold that we have jurisdiction and that defendant is entitled to the statutory credit. Therefore, we affirm the judgment as modified.

On May 4, 2005, defendant entered his guilty plea, in exchange for which the State recommended a sentence of no more than 12 years' imprisonment. On June 2, 2005, the trial court sentenced defendant to 9 years' imprisonment, with credit for 298 days served. The court imposed a $2,000 controlled-substance assessment (see 720 ILCS 570/411.2(a)(2) (West 2004)), a $100 Trauma Center Fund fine (see 730 ILCS 5/5--9--1.10 (West 2004)), a $100 laboratory fee (see 730 ILCS 5/5--9--1.4(b) (West 2004)), and a $660 street-value fine (see 730 ILCS 5/5--9--1.1(a) (West 2004)), but it did not give defendant any monetary credit for the time that he was incarcerated before sentencing. The court admonished defendant that, under Rule 604(d), if he did not move within 30 days to withdraw his negotiated plea, he would give up his right to appeal.

Defendant did not move to withdraw his plea and vacate the judgment. On June 13, 2005, he moved to reconsider his sentence, asserting that it was excessive. On December 6, 2005, after a hearing at which the parties argued the merits of the motion, the trial court stated that the sentence was proper, and it denied the motion. On December 12, 2005, defendant filed a notice of appeal.

On appeal, defendant contends that he is entitled to a credit of $5 per day, or $1,490 in total, against his assessments and fines. See 725 ILCS 5/110--14(a) (West 2004). The State concedes that, if we may reach the merits, we must award defendant the credit. See People v. Woodard, 175 Ill. 2d 435, 457 (1997) (statutory credit is mandatory upon proper application, and defendant does not waive the credit by failing to request it in the trial court). However, the State contends that we lack jurisdiction over this appeal because defendant filed his notice of appeal more than 30 days after the

entry of the judgment (see 188 Ill. 2d R. 606(b)) and the motion to reconsider the sentence was improper under Rule 604(d) and thus did not extend the time in which to appeal. For the following reasons, we hold that although defendant's postjudgment motion did not comply with Rule 604(d), it did serve as a timely filed motion directed against the judgment and tolled the time for appeal under Rule 606(b). Therefore, the notice of appeal was timely.

Supreme Court Rule 606(b) states that, except as provided in Rule 604(d), the notice of appeal in a criminal case must be filed within 30 days after the entry of the final judgment appealed from or, if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion. 188 Ill. 2d R. 606(b). Defendant filed his motion to reconsider the sentence within 30 days after the entry of the judgment and, without doubt, the motion was "directed against the judgment." 188 Ill. 2d R. 606(b). Therefore, the postjudgment motion was timely, and it would seem that the notice of appeal, which was filed within 30 days after the denial of the motion, was also timely.

Nonetheless, the State maintains that the notice of appeal was untimely because it was filed more than 30 days after the entry of the judgment. According to the State, the motion to reconsider the sentence had no effect. The State relies on the principle that a repetitive postjudgment motion does not extend the time in which to appeal. In People v. Miraglia, 323 Ill. App. 3d 199 (2001), which the State cites, the defendant was convicted after a bench trial and sentenced. He filed a timely postjudgment motion, which the trial court denied. Instead of appealing within 30 days, the defendant filed another postjudgment motion that was denied, then filed a notice of appeal within 30 days after the denial of the repetitive motion but more than 30 days after the order denying the

previous motion. We dismissed the appeal. We explained that Rule 606(b) contemplates the filing of only one postjudgment motion, because to allow repetitive motions would encourage piecemeal litigation and harassment and ignore the need for finality in trial court proceedings. Because the repetitive postjudgment motion was unauthorized by Rule 606(b), it did not extend the time in which to appeal. Miraglia, 323 Ill. App. 3d at 205-06.

The State contends that the single postjudgment motion here is similar to the repetitive postjudgment motion in Miraglia. Noting that the judgment here was entered upon a negotiated plea of guilty, the State relies on Rule 604(d), which states, "No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment." 210 Ill. 2d R. 604(d). The State observes that defendant filed only a motion to reduce his sentence, thus failing to satisfy the quoted portion of Rule 604(d). The State reasons that, like the repetitive motion in Miraglia, defendant's motion was unauthorized by the supreme court rules and thus ineffectual to extend the time in which to file the appeal.

The present version of Rule 604(d) is based upon our supreme court's decision in People v. Evans, 174 Ill. 2d 320 (1996). See People v. Hermann, 349 Ill. App. 3d 107, 113 (2004). Evans involved two defendants who entered into negotiated plea agreements in which they agreed to plead guilty to certain charges in exchange for the State's agreement to dismiss other charges and recommend a specific sentence. After the trial court accepted the pleas, each defendant sought to reduce his sentence by filing a motion to reconsider. At the time that Evans was decided, Rule

604(d) did not distinguish between negotiated guilty pleas and other types of guilty pleas. The portion of the rule at issue in Evans provided:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw his plea of guilty and vacate the judgment." 145 Ill. 2d R. 604(d).

Invoking contract principles, the supreme court held that the motion-to-reconsider-sentence provisions of Rule 604(d) were not intended to apply to negotiated guilty pleas. Evans, 174 Ill. 2d at 332. The court explained that "[t]o permit a defendant to challenge his sentence without moving to withdraw the guilty plea *** would vitiate the negotiated plea agreement he entered into with the State." Evans, 174 Ill. 2d at 332. In accordance with Evans, a defendant who enters a negotiated guilty plea and who later wishes to challenge only his sentence must now move to withdraw the guilty plea and vacate the judgement. 210 Ill. 2d R. 604(d). Ordinarily, the failure to file the appropriate motion under Rule 604(d) results in dismissal of the appeal. People v. Linder, 186 Ill. 2d 67, 74 (1999).

In the instant case, defendant entered into a negotiated plea agreement. Thus, he was required to withdraw his guilty plea and vacate the judgment before challenging his sentence. Defendant did not take this course of action. Instead, he moved to reconsider his sentence. Under these circumstances, we find that defendant's motion to reconsider his sentence was unauthorized by Rule 604(d). Nevertheless, the failure to file an authorized Rule 604(d) motion does not impact

our jurisdiction, because it is clear that the requirements of Rule 604(d) are not jurisdictional. As the supreme court stated in People v. Flowers, 208 Ill. 2d 291, 300-01 (2003), the failure to file a proper Rule 604(d) motion "does not deprive the appellate court of jurisdiction over a subsequent appeal. [Citation.] As a general rule, however, [it] *** precludes the appellate court from considering the appeal on the merits." Thus, defendant's failure to follow Rule 604(d) by moving to withdraw his guilty plea and vacate the judgment subjected him to the consequence actually specified by the rule--the loss of his right to appeal the judgment.

However, defendant's motion to reconsider the sentence was nonetheless authorized by Rule 606(b), which, unlike Rule 604(d), defines the appellate court's jurisdiction over appeals in criminal cases. There is nothing in Rule 606(b) that states that a motion to reconsider a sentence arising from a negotiated guilty plea affects appellate jurisdiction even though the motion is not authorized under Rule 604(d). Rule 606(b) requires only that a postjudgment motion be (1) timely (188 Ill. 2d R. 606(b)), (2) directed against the judgment (188 Ill. 2d R. 606(b)), and (3) the first such motion (Miraglia, 323 Ill. App. 3d at 205). Thus, any initial and timely motion directed against the judgment, even a motion unauthorized under Rule 604(d), tolls the time for filing an appeal under Rule 606(b). We note parenthetically that the language of Rule 606(b) accommodates both the denial of an authorized Rule 604(d) motion and the dismissal of an unauthorized Rule 604(d) motion, by employing the term "disposing" in explaining that when a postjudgment motion is involved, a notice of appeal must be filed "within 30 days after the entry of the order disposing of the motion." (Emphasis added.) 188 Ill. 2d R. 606(b). Here, defendant's postjudgment motion was timely, it was the sole one that he filed, it was directed against the judgment, and he appealed within

30 days of the denial of the motion. Therefore, unlike the repetitive motion in Miraglia, which was neither timely nor the first motion directed against the judgment, the motion in this case was authorized by Rule 606(b). Thus, filing the motion did not violate Rule 606(b)'s policy against piecemeal litigation, harassment, or the needless prolongation of proceedings at the trial court level.

In short, we hold that defendant's appeal is timely because his timely motion to reconsider the sentence was authorized by Rule 606(b), even though, under Rule 604(d), it requested relief to which defendant had no right. Therefore, because defendant filed his appeal within 30 days of the disposition of the motion, we have jurisdiction over his appeal. We note that it would have been more sensible for defendant to appeal immediately from the judgment instead of requesting relief to which he was plainly not entitled. We do not encourage defendants to attempt to evade their obligations under their plea agreements, and we are at a loss to say why, in this case, neither the State nor the trial court responded to defendant's motion to reduce the sentence by observing that it was improper as a matter of law. Nonetheless, the irregularity of the proceedings did not make defendant's appeal untimely.

Before proceeding to the merits, we note that Rule 604(d) states that "any issue not raised by the defendant in the motion to reconsider the sentence *** shall be deemed waived." 210 Ill. 2d R. 604(d). Although defendant did not raise the monetary-credit issue in the motion to reconsider the sentence, we do not find that this language bars defendant's request for the credit. As the supreme court stated in Woodard, 175 Ill. 2d at 457, "the statutory right to a per diem credit is conferred in mandatory terms while being subject to a defendant's application. As such, the 'normal rules' of waiver do not apply [citation], and the right is cognizable on appeal as a matter of course subject to

a defendant's application for it." In this case, defendant "applied" for the credit by requesting it in his brief in this appeal. As such, we may address the matter despite his failure to raise it in his motion to reconsider his sentence.

Having resolved the jurisdictional and waiver issues, we may speedily dispose of the merits of this appeal. Defendant contends, and the State concedes, that he is entitled to a credit of $1,490, or $5 per day, for the 298 days that he was incarcerated before sentencing. See 725 ILCS 5/110--14(a) (West 2004). As noted, we may reach this issue despite defendant's waiver under Rule 604(d). Therefore, we modify his sentence to include a $1,490 credit against his fines and assessments.

The judgment of the circuit court of Du Page County is affirmed as modified.

Affirmed as modified.

HUTCHINSON and ZENOFF, JJ., concur.