NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 24, 2010[*]
Decided March 25, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-4014

| | |
|---|---|
| EVERETT LOWE, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
|     *v.* | |
| | No. 09 C 6910 |
| RICHARD A. DEVINE, et al., | |
|     *Defendants-Appellees.* | John W. Darrah, *Judge.* |

**O R D E R**

Everett Lowe is serving a 65-year prison sentence in Illinois for attempted first-degree murder. Lowe had entered a police station with a gun and tried to shoot an officer in the head, but the weapon jammed. The trial court issued a mittimus (an order directing

---

[*]The defendants were not served with process in district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(A).

jailers to carry out the judgment) identifying the statutory citation for first-degree murder but not for the crime of attempt, and although the mittimus was amended to include the missing citation, Lowe has long insisted that he was wrongly convicted of murder instead of attempted murder. He sought collateral relief in state and federal court on the basis of this theory, and when those efforts failed, Lowe filed this civil-rights action claiming that prosecutors, defense lawyers, appellate judges, and others have conspired to keep his unlawful imprisonment under wraps. He seeks hundreds of millions of dollars and a declaration that his rights were violated. The district court dismissed Lowe's complaint on initial screening under 28 U.S.C. § 1915A.

That ruling was appropriate. The state trial court accurately pronounced judgment against Lowe for *attempted* first-degree murder but left out of the mittimus a citation to the attempt statute. That clerical error was promptly corrected as allowed by Illinois law, s*ee People v. Latona*, 703 N.E.2d 901, 910 (Ill. 1998); *People v. Wright*, 78 N.E.2d 870, 872-73 (Ill. App. Ct. 2003), and Lowe's fanciful allegations of improprieties committed in the name of covering up his wrongful imprisonment are facially implausible. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Before this appeal Lowe had already incurred three strikes under 28 U.S.C. § 1915(g), forcing him to prepay the appellate fees. This appeal is his fourth strike.

AFFIRMED.