NOTICE

Decision filed 07/16/10. The text of
this decision may be changed or
corrected prior to the filing of a
Petition for Rehearing or the
disposition of the same.

NO. 5-06-0585

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Marion County. |
| | ) | |
| v. | ) | No. 05-CF-291 |
| | ) | |
| WILLIAM L.B. THOMAS, | ) | Honorable |
| | ) | Sherri L.E. Tungate, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE SPOMER delivered the opinion of the court:

On April 17, 2008, this court issued an opinion in which we affirmed the order of the circuit court of Marion County denying the petition for postconviction relief filed by the defendant, William L.B. Thomas. *People v. Thomas*, 381 Ill. App. 3d 972 (2008). On March 24, 2010, the Illinois Supreme Court vacated our opinion and directed us to reconsider our decision in light of *People v. Morris*, 236 Ill. 2d 345 (2010). *People v. Thomas*, 236 Ill. 2d 540 (2010) (supervisory order). In *Morris*, the supreme court held that the rule of law announced in *People v. Whitfield*, 217 Ill. 2d 177 (2005), was not to be applied retroactively to convictions finalized prior to December 20, 2005, the date *Whitfield* was announced. *Morris*, 236 Ill. 2d at 366. The *Morris* court also provided guidance for trial courts to follow when giving the admonishments required by Supreme Court Rule 402 (177 Ill. 2d R. 402). 236 Ill. 2d at 366-68. Having reconsidered our decision in light of *Morris*, for the reasons that follow we again affirm the order of the circuit court of Marion County that denied the defendant's petition for postconviction relief.

In that petition, the defendant contended that under the rule of law announced in

1

*Whitfield*, he was not properly admonished pursuant to Rule 402 that a term of mandatory supervised release would be added to his sentence following his plea of guilty to the offenses of unlawful possession with the intent to deliver a controlled substance (count I) and aggravated battery (count II), in exchange for concurrent sentences of seven and five years, respectively, in the Department of Corrections. In light of *Morris*, we must first determine whether in the instant case the defendant's conviction was finalized prior to December 20, 2005, the date *Whitfield* was announced, before addressing the issue raised in the defendant's petition for postconviction relief.

On November 8, 2005, the defendant pled guilty to a reduced charge of unlawful delivery as well as aggravated battery, and in exchange he was to receive concurrent sentences of seven and five years, respectively. The final judgment and sentence was entered on November 15, 2005, and indicated that the sentences were to be "consecutive/concurrent." A letter sent from the defendant to the judge was file-stamped on December 14, 2005, within 30 days of the date the final judgment was entered. The letter pointed out that the negotiated guilty plea was meant to include a provision that both sentences were to run concurrently with each other. Subsequently, on February 21, 2006, the court entered a correction of the judgment and sentence order, which stated as follows: "Count[s] 1 and 2 are to run concurrent to each other and his sentence is to run concurrent to his parole violation. All other terms of the defendant's judgment and sentencing previously set forth on November 8, 2005, still apply." At no point did the defendant file a motion to withdraw his guilty plea or a motion to reconsider his sentence.

In order to determine whether *Whitfield* applies to the instant case, we must determine on what date the defendant's conviction became final. In a criminal case, there is no final judgment until the sentence has been imposed, and in the absence of a final judgment, an appeal cannot be entertained except as specified in Illinois Supreme Court Rule 604 (210 Ill.

2

2d R. 604). *People v. Harrison*, 372 Ill. App. 3d 153, 155 (2007). Supreme Court Rule 604(d) sets forth the requirements for appealing from a judgment entered on a guilty plea:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment. No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment." 210 Ill. 2d R. 604(d).

Accordingly, the initial issue in this case is whether the defendant's letter to the judge, filed on December 14, 2005, and the resulting correction of the sentence order tolled the 30-day limitations period stated in Supreme Court Rule 604(d) (210 Ill. 2d R. 604(d)), such that this case was not finalized until February 21, 2006–after the date *Whitfield* was announced.

Although Rule 604(d) provides that only a motion to withdraw a guilty plea tolls the limitation for appeal, it is clear in this case that the defendant did not file such a motion. However, in *People v. Green*, 375 Ill. App. 3d 1049, 1053-54 (2007), the appellate court held that "any initial and timely motion directed against the judgment, even a motion unauthorized under Rule 604(d), tolls the time for filing an appeal under Rule 606(b)." Rule 606(b) states that a motion to reconsider a sentence arising from a negotiated guilty plea affects appellate jurisdiction, and the rule requires only that a postjudgment motion be (1) timely, (2) directed against the judgment, and (3) the first such motion. Official Reports Advance Sheet No. 7 (April 8, 2009), R. 606(b), eff. March 20, 2009; *Green*, 375 Ill. App. 3d at 1053. In *Green*, although the defendant failed to move to withdraw his guilty plea as required by Rule 604(d), the court found that his motion to reconsider the sentence on his negotiated plea served to

3

toll the time for appeal. 375 Ill. App. 3d at 1051. Similarly, in the present case, the defendant did not file a motion to withdraw his guilty plea; he filed only a letter requesting the correction of his sentence. If this letter were to be construed as a motion to reconsider his sentence, then such a motion tolled the time for appeal, putting the date of the final judgment at February 21, 2006, and within the application of the *Whitfield* decision.

However, we conclude that because the defendant's letter served only to point out a discrepancy between the details of the negotiated plea and the sentencing order and mittimus, it was not a motion to reconsider his sentence but instead was the equivalent of a motion to correct the mittimus. In cases when a person is imprisoned, incarcerated, confined, or committed, the mittimus is a document that reflects the judge's signed judgment or order and details the defendant's sentence. 735 ILCS 5/2-1801(a) (West 2000). Because the mittimus serves to inform the person or entity detaining a prisoner about the specifics of the prisoner's sentence, the appellate court has previously held that a trial court's act of correcting a mittimus "is a ministerial act and does not change the underlying sentence." *People v. Wright*, 337 Ill. App. 3d 759, 762 (2003). The appellate court has previously found that because the mittimus is not a part of the common law record and because the trial court may amend the mittimus at any time, the trial court's act of correcting the mittimus is not the same as if it issued a new sentence. *Wright*, 337 Ill. App. 3d at 762. Although Rule 604(d) states the limitation period for filing an appeal must be "within 30 days of the date on which sentence is imposed" (210 Ill. 2d R. 604(d)), "the date on which sentence is imposed" means the date the judgment and sentence were originally filed and not the date the trial court amended the mittimus. *Wright*, 337 Ill. App. 3d at 763.

Moreover, the appellate court found in *Wright* that the final judgment's sentence does not have to be correct in order to start the time period but that the "date of conviction" that triggers the limitations period for Rule 604(d) remains the date the judgment and sentence

4

were filed. *Wright*, 337 Ill. App. 3d at 763. The filing date of a corrected mittimus is therefore not equivalent to "the date on which sentence is imposed" on the defendant, and the defendant's motion to correct the mittimus does not toll the 30-day limitations period for filing a motion to withdraw a guilty plea. *Wright*, 337 Ill. App. 3d at 762.

As previously explained, the defendant's letter merely pointed out a discrepancy and requested that the court correct the judgment to reflect the agreed-upon negotiated guilty plea; accordingly, the court's subsequent action was the equivalent of the issuance of a corrected sentencing order and mittimus. The defendant did not file a motion to withdraw his guilty plea, nor did he make a substantive argument for why the judge should reconsider the sentence based on the merits of his case. Instead, the purpose of the defendant's letter was to clarify a mistake in the sentence and to call the court's attention to the concurrent running of the sentences, which had previously been agreed upon but had not been correctly memorialized on November 15, 2005. The court's act of correcting the judgment and sentence order on February 21, 2006, was an action undertaken to correct the prior mistake. Therefore, we find that the date the defendant's conviction became final was prior to the announcement of *Whitfield*. Thus, like the defendant in *Morris*, he is not entitled to a prospective application of *Whitfield* (see *Morris*, 236 Ill. 2d at 366), and his sole claim in this appeal must fail.

Furthermore, even if we were to assume, *arguendo*, that *Whitfield* did apply to the instant case, we would still affirm the order of the circuit court. As we noted in our previous opinion, the record in this case shows that when the trial judge informed the defendant of the range of penalties for each offense to which the defendant was pleading guilty, the judge told the defendant, *inter alia*, that with regard to count I "[a]ny sentence of imprisonment would carry with it upon a release from prison a period of mandatory supervised release for a period of two years" and that with regard to count II "[a]ny sentence of imprisonment would carry

5

with it upon a release from prison a period of mandatory supervised release for a period of one year." The defendant contends that because the judge began the general admonitions about the range of penalties for each count with the phrase "without the benefit of this plea agreement," the defendant should be allowed to withdraw his guilty plea, because "a reasonable person" who heard the admonitions "would justifiably conclude that [mandatory supervised release] is a necessary part of non[]negotiated sentences only[] and that pleading guilty pursuant to a plea agreement allows a defendant to avoid the additional loss of liberty that [a mandatory-supervised-release] term entails."

In support of this argument, the defendant cites *People v. Company*, 376 Ill. App. 3d 846, 850 (2007), wherein this court held insufficient an admonition that the defendant would be subject to a term of mandatory supervised release if convicted at a trial but that under the plea agreement into which he was entering, instead of that possible sentence, he would receive the agreed sentence of 15 years, with no mention by the trial court of mandatory supervised release. *Company* is easily distinguishable from the present case; in *Company*, the defendant was given a misleading admonition in which the trial judge explicitly stated that *instead of* the sentence described in the range of penalties that included mandatory supervised release, the defendant would receive an agreed-upon sentence of 15 years. 376 Ill. App. 3d at 851. Moreover, the mandatory-supervised-release term the court had earlier described was not accurate and was in fact one year less than the one to which the defendant was actually subject. *Company*, 376 Ill. App. 3d at 851. The errors in *Company*, in other words, were far more egregious than those alleged in the case at bar and resulted in actual prejudice to the defendant. As we noted in *Company*, the defendant bears the burden of establishing that, when judged by objective standards, the circumstances surrounding a plea justify the defendant's mistaken impression that the sentence rendered did not include a term of mandatory supervised release. 376 Ill. App. 3d at 851. In this case, the defendant is

unable to meet that burden. Although the defendant contends that because the judge prefaced the general admonitions regarding the range of penalties with the phrase "without the benefit of this plea agreement," the defendant could reasonably have believed that mandatory supervised release would not apply to the sentences flowing from his pleas, we do not agree that such an interpretation would be objectively reasonable. The judge in this case clearly and unequivocally stated, after finishing her general description of the range of penalties for each offense, that *any* sentence of imprisonment would carry with it a term of mandatory supervised release. The defendant knew, as he stood before the court to enter his plea, that he was about to receive a sentence of imprisonment, and in fact he did receive a sentence of imprisonment. Under those circumstances, any misunderstanding about the applicability of mandatory supervised release, although perhaps unfortunate, cannot be deemed objectively reasonable. See *Morris*, 236 Ill. 2d at 366 (a Rule 402 admonishment is sufficient if an ordinary person in the accused's circumstances would understand it to convey the required warning).

The defendant also relies directly upon *Whitfield*, from which he claims this case is indistinguishable. In fact, *Whitfield*, like *Company*, is factually distinguishable from the case at bar. In *Whitfield*, no mention at all was made of mandatory supervised release. 217 Ill. 2d at 180. In the case at bar, not only was mandatory supervised release explicitly mentioned, but as explained above, the trial judge specifically stated that with regard to each count, *any* sentence of imprisonment would carry with it a term of mandatory supervised release. As the *Whitfield* court itself recognized, an imperfect admonishment is a violation of due process only where real justice has been denied or a defendant has shown prejudice. 217 Ill. 2d at 195. We conclude that in this case, the admonitions of the trial judge that *any* sentence of imprisonment would carry with it a term of mandatory supervised release were sufficient to inform the defendant of mandatory supervised release and that real justice has

7

not been denied, nor has the defendant shown prejudice.  We do not believe any of the guidance provided by the *Morris* court casts doubt on our reasoning in this case.

For the foregoing reasons, the order of the circuit court of Marion County is affirmed.


Affirmed.


GOLDENHERSH, P.J., and DONOVAN, J., concur.

NO. 5-06-0585

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Marion County. |
| | ) | |
| v. | ) | No. 05-CF-291 |
| | ) | |
| WILLIAM L.B. THOMAS, | ) | Honorable |
| | ) | Sherri L.E. Tungate, |
| Defendant-Appellant. | ) | Judge, presiding. |

___

**Opinion Filed**:     July 16, 2010

___

| | |
|---|---|
| **Justices**: | Honorable Stephen L. Spomer, J. |
| | Honorable Richard P. Goldenhersh, P.J., and<br>Honorable James K. Donovan, J.,<br>Concur |

___

| | |
|---|---|
| **Attorneys**<br>**for**<br>**Appellant** | Daniel M. Kirwan, Deputy Defender, John H. Gleason, Assistant Defender, Office of the State Appellate Defender, Fifth Judicial District, 117 North Tenth Street, Suite 300, Mt. Vernon, IL 62864 |

___

| | |
|---|---|
| **Attorneys**<br>**for**<br>**Appellee** | Hon. Matt Wilzbach, State's Attorney, Marion County Courthouse, P.O. Box 157, Salem, IL 62881; Norbert J. Goetten, Director, Stephen E. Norris, Deputy Director, Patrick D. Daly, Staff Attorney, Office of the State's Attorneys Appellate Prosecutor, 730 E. Illinois Highway 15, Suite 2, P.O. Box 2249, Mt. Vernon, IL 62864 |

___