NOTICE

Decision filed 11/25/09. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-08-0069

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the
) Circuit Court of
    Plaintiff-Appellee, ) Randolph County.
)
v. ) No. 07-CF-205
)
DANNY A. DeROSA, ) Honorable
) William A. Schuwerk, Jr.,
    Defendant-Appellant. ) Judge, presiding.

_____

JUSTICE CHAPMAN delivered the opinion of the court:

The defendant, Danny A. DeRosa, pled guilty to two counts of home invasion (720 ILCS 5/12-11(a)(2) (West 2006)). In exchange for the defendant's guilty plea, the State dropped two additional charges and agreed that the sentences imposed on the two remaining charges would be served concurrently. The court sentenced the defendant to extended-term sentences of 45 years on each count, and he filed a motion to reconsider that sentence, arguing that extended-term sentences were improper under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). He did not file a motion to withdraw his guilty plea, and his counsel did not file a certificate of compliance with Supreme Court Rule 604(d) (210 Ill. 2d R. 604(d)). The defendant appeals from the trial court's order denying his motion to reconsider. Because of the defendant's failure to comply with the requirements of Rule 604, the merits of the appeal are not before us. Rather, we must determine whether to dismiss the appeal outright or remand to the trial court to allow defense counsel to comply with the certification requirements of Rule 604. We dismiss the appeal.

On August 31, 2007, the State filed a two-count information charging the defendant

1

with one count each of residential burglary (720 ILCS 5/19-3 (West 2006)) and theft (720 ILCS 5/16-1(a)(1)(A) (West 2006)). On September 5, 2007, the State filed a four-count amended information adding two counts of home invasion (720 ILCS 5/12-11(a)(2) (West 2006)). The four charges stemmed from three separate incidents that all occurred on August 30, 2007.

In December 2007, the defendant agreed to plead guilty to the two counts of home invasion. In exchange for his plea, the State agreed to withdraw the charges of residential burglary and theft. The State further agreed that the sentences imposed for the home invasion charges would be served concurrently rather than consecutively. No other agreements were made with respect to sentencing.

On December 5, the court held a guilty plea hearing. Defense counsel outlined the plea agreement for the court. The court then advised the defendant that he could be sentenced to anywhere from 6 to 30 years in prison for home invasion but that if the court found that an extended term was appropriate, he could be sentenced to up to 60 years. The court further advised the defendant that it was up to the judge to decide whether the defendant would be sentenced to "6 years in the penitentiary, 30 years, or 60 years." The defendant indicated that he understood this. The State then presented a factual basis, and the court accepted the defendant's plea.

On January 3, 2008, the court held a sentencing hearing. The victims of the home invasion charges both testified. The first man testified that he was 70 years old at the time of the crime. The second victim was 76 years old when the crime occurred. Both described the serious injuries they sustained as a result of the defendant's attacks. The presentence investigation report, which had been filed with the court a few days earlier, indicated that the defendant had numerous prior felony convictions in Missouri and one in Illinois, most of which were for violent crimes. The report also indicated that the defendant was serving a

2

mandatory-supervised-release term for the Illinois conviction when he committed the crimes involved in this case. In light of the victims' ages and the defendant's criminal history, the State argued that extended-term sentences were appropriate. The defendant argued that the State could not seek extended-term sentences because it had failed to either (1) allege in the charging instrument the facts upon which it relied to enhance the defendant's sentence or (2) provide him with written notice of these facts. See 725 ILCS 5/111-3(c-5) (West 2006).

The court found that extended-term sentences were appropriate based on the following aggravating factors: (1) both victims suffered serious harm, (2) both victims were older than 60 years old, (3) the defendant had numerous prior felony convictions, and (4) the offenses were committed while the defendant was on mandatory supervised release. The court sentenced the defendant to terms of 45 years on each conviction, to be served concurrently. The court then advised the defendant that he must file a motion to withdraw his guilty plea if he wanted to appeal these sentences.

On January 15, 2008, the defendant filed a motion to reconsider the sentence, without filing a motion to withdraw his guilty plea. In it, he alleged that he had entered into an " 'open' plea" agreement, under which the only agreement on sentencing was that the sentences would be served concurrently, not consecutively. He argued, as he did at the hearing, that the State may only seek an extended-term sentence if it alleges in the charging instrument any facts relied upon to qualify for the extended-term sentence or subsequently gives the defendant written notice. See 725 ILCS 5/111-3(c-5) (West 2006). He alleged that the State did neither in this case.

The court held a hearing on the defendant's motion to reconsider his sentence on February 4, 2008. The defendant argued, as he did in his motion, that the relevant statute provides that any facts relied upon to increase the range of penalties must be alleged in the charging instrument or must be otherwise provided to the defendant in writing. See 725

3

ILCS 5/111-3(c-5) (West 2006). He acknowledged that the statute specifically excludes prior convictions, one of the factors used here to enhance the defendant's sentence. The State argued that a guilty plea waives these requirements. See *People v. Jackson*, 199 Ill. 2d 286, 298, 769 N.E.2d 21, 28 (2002).

At the end of the hearing, the court denied the motion to reconsider and admonished the defendant as follows: "If you wish to appeal from this order, you've got 30 days to file your Notice of Appeal with the Fifth District Appellate Court by filing a motion–Notice of Appeal in the Circuit Clerk's Office ***." The defendant filed his notice of appeal that day.

On June 11, 2008, the defendant filed in this court a motion for summary relief pursuant to Supreme Court Rule 23(c) (166 Ill. 2d R. 23(c)). He requested that this court reverse the order denying his motion to reconsider sentence and remand for further postplea proceedings in light of counsel's failure to comply with the requirements of Rule 604. He argued that his counsel failed to comply with Rule 604 in two ways. First, he failed to file a certificate of compliance indicating that he had examined the trial court record and consulted with the defendant to determine his contentions of error. See 210 Ill. 2d R. 604(d). The defendant noted that counsel in fact could not have complied with this requirement because the transcripts from his guilty plea hearing were not available until March 3, several weeks after he filed his motion on January 15. Second, counsel did not file a motion to withdraw the defendant's guilty plea, which is required if a defendant wishes to challenge a sentence imposed pursuant to a negotiated plea agreement. See 210 Ill. 2d R. 604(d); *People v. Linder*, 186 Ill. 2d 67, 74, 708 N.E.2d 1169, 1173 (1999). Finally, he argued that the remedy for this failure to strictly comply with both requirements of Rule 604 was to remand the case to the trial court to allow counsel to file a motion in accordance with the required procedures. See *Linder*, 186 Ill. 2d at 69, 708 N.E.2d at 1170 (citing *People v. Janes*, 158 Ill. 2d 27, 35-36, 630 N.E.2d 790, 793-94 (1994)).

4

On June 18, the State filed an objection to the defendant's motion for summary relief. The State argued that summary relief was not appropriate because our decision would not be clearly controlled by existing authority. On February 4, 2009, this court denied the defendant's request for summary relief. The parties thereafter submitted briefs, raising essentially the same arguments they did in their respective motions. We will consider those arguments in more detail after a brief overview of the relevant requirements of Rule 604.

Rule 604(d) contains two provisions that are relevant here. First, the rule provides as follows:

"No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment. For purposes of this rule, a negotiated plea of guilty is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." 210 Ill. 2d R. 604(d).

This is generally known as the "motion requirement." By its express terms, it is applicable only to negotiated pleas, not to open pleas. The premise underlying this requirement is that when a defendant pleads guilty in exchange for a limit on the sentence that can be imposed, allowing the defendant to challenge that sentence without withdrawing his guilty plea "unfairly binds the State to the terms of the plea agreement while giving the defendant the opportunity to avoid or modify those terms." *Linder*, 186 Ill. 2d at 74, 708 N.E.2d at 1172-73.

Rule 604(d) further provides as follows:

"The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain [the]

5

defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." 210 Ill. 2d R. 604(d).

This is known as the "certification requirement" of Rule 604, and it is applicable to any postplea motion. The purpose of this requirement is to ensure that defense counsel considers all the possible grounds for either withdrawing the guilty plea or (in the case of an open plea) challenging the sentence. *Linder*, 186 Ill. 2d at 69, 708 N.E.2d at 1170.

Courts treat the failure to comply with these requirements differently. As the defendant correctly notes, the remedy for a failure to comply with the certification requirement is to remand to the trial court for a new motion and a hearing in compliance with the rule. *Linder*, 186 Ill. 2d at 69, 708 N.E.2d at 1170. However, where a defendant has failed to comply with the motion requirement, the appellate court generally cannot reach the merits of his arguments and must instead dismiss the appeal. *Linder*, 186 Ill. 2d at 74, 708 N.E.2d at 1173.

The parties agree that the motion requirement of Rule 604 does apply here. As previously noted, the motion requirement applies only when a defendant pleads guilty in a negotiated plea. A defendant who pleads guilty in an open plea–or in exchange for the State's agreement to drop additional charges without any concessions related to the sentence–may challenge his sentence as excessive without moving to withdraw his guilty plea. *People v. Diaz*, 192 Ill. 2d 211, 220-21, 735 N.E.2d 605, 610 (2000). We note that here, unlike in *Linder*, the plea agreement did not include any concessions regarding the length of the sentence to be imposed; it did, however, place a limitation on the sentence due to the agreement that the sentences on the two charges would be served concurrently. Although we agree with the parties that the motion requirement is applicable, we believe the

6

issue merits further discussion.

The supreme court addressed a similar scenario in *Diaz*. There, in exchange for the defendant's guilty plea to multiple charges, the State dismissed other pending charges and agreed that it would not seek either extended-term sentences or consecutive sentences on the remaining charges. *Diaz*, 192 Ill. 2d at 212, 735 N.E.2d at 606. The court found that the negotiated plea agreement included concessions by the State related to "both the charging and sentencing aspects of [the] case." *Diaz*, 192 Ill. 2d at 223, 735 N.E.2d at 611. In reaching this conclusion, the court focused on both the agreement not to seek extended-term sentences and the agreement not to seek consecutive sentences. The court pointed out that both of these concessions allowed the defendant to "reap[] a sentencing benefit" as a result of his negotiated plea. *Diaz*, 192 Ill. 2d at 224, 735 N.E.2d at 611. The court also explained that, as a result of these concessions, "the State 'limited its ability to argue at sentencing from the full panoply of penalties contained in the Code of Corrections.' " *Diaz*, 192 Ill. 2d at 224, 735 N.E.2d at 611 (quoting *Linder*, 186 Ill. 2d at 79, 708 N.E.2d at 1175 (Freeman, C.J., specially concurring)). Here, too, the State agreed to limit its ability to argue for the full panoply of penalties otherwise available. Moreover, the defendant certainly benefits from the State's agreement not to seek consecutive sentences. We thus conclude that the motion requirement is applicable.

As we have previously stated, when a defendant does not comply with Rule 604's motion requirement, we must dismiss the appeal. *Linder*, 186 Ill. 2d at 74, 708 N.E.2d at 1173. Put another way, filing the appropriate motion is a precondition to seeking the relief the defendant here seeks. *People v. Flowers*, 208 Ill. 2d 291, 300-01, 802 N.E.2d 1174, 1180 (2003). Although he acknowledges that this is the rule, he argues that the rule of *Linder* "has not been uniformly employed or enforced to dismiss appeals." In support of his position, the defendant cites *People v. Green*, 375 Ill. App. 3d 1049, 874 N.E.2d 935 (2007), *People v.*

7

*Harden*, 321 Ill. App. 3d 203, 747 N.E.2d 1095 (2001), *vacated*, 195 Ill. 2d 562, 757 N.E.2d 442 (2001) (supervisory order), and *People v. Guerrero*, 311 Ill. App. 3d 968, 725 N.E.2d 783 (2000). We find no support for the defendant's position in any of these cases.

In *Green*, the defendant pled guilty to a drug charge in exchange for the State's recommendation of a sentence cap of 12 years' imprisonment. *Green*, 375 Ill. App. 3d at 1050, 874 N.E.2d at 936. The trial court sentenced him to nine years in prison and imposed various fines and fees for drug-related offenses. *Green*, 375 Ill. App. 3d at 1050-51, 874 N.E.2d at 936. The court gave him credit against his prison sentence for time spent in jail prior to sentencing, but it did not give him the statutory $5-per-day credit against his fines (see 725 ILCS 5/110-14(a) (West 2004)). *Green*, 375 Ill. App. 3d at 1050-51, 874 N.E.2d at 936-37. The trial court properly admonished the defendant that if he did not file a motion to withdraw his plea within 30 days, he would give up his right to appeal his sentence. Instead of doing so, however, the defendant filed a motion to reconsider his sentence. *Green*, 375 Ill. App. 3d at 1051, 874 N.E.2d at 937. As here, the trial court heard arguments on the merits of the defendant's sentencing challenge despite the lack of a proper motion. The court denied the motion to reconsider the sentence, and the defendant appealed. *Green*, 375 Ill. App. 3d at 1051, 874 N.E.2d at 937.

The key distinction between *Green* and the case before us is the issue raised on appeal. The defendant in *Green* did not ask the appellate court to consider whether his sentence was excessive. He argued only that he was entitled to the statutorily mandated $5-per-day credit against his fines. *Green*, 375 Ill. App. 3d at 1050, 874 N.E.2d at 936. In deciding to reach the merits of this argument, the question the Second District addressed was not, as here, whether the specific relief sought was precluded by the defendant's failure to file a motion. Rather, the question was whether the defendant's motion to reconsider sentence–which, the court explained, was timely but unauthorized–tolled the 30-day time

8

period for filing an appeal. See *Green*, 375 Ill. App. 3d at 1053-54, 874 N.E.2d at 939.

Citing the supreme court's decision in *Flowers*, the Second District explained that although a defendant's failure to file the proper motion generally precludes appellate review on the merits, the requirements of Rule 604 are not jurisdictional. *Green*, 375 Ill. App. 3d at 1053, 874 N.E.2d at 938-39 (relying on *Flowers*, 208 Ill. 2d at 301, 802 N.E.2d at 1180). Thus, the court stated, "[The] defendant's failure to follow Rule 604(d) by moving to withdraw his guilty plea and vacate the judgment *subjected him to the consequence actually specified by the rule–the loss of his right to appeal the judgment*." (Emphasis added.) *Green*, 375 Ill. App. 3d at 1053, 874 N.E.2d at 939.

The court went on to consider the interplay between Rules 604 and 606 (210 Ill. 2d R. 604; 188 Ill. 2d R. 606) to determine whether the appeal was timely for purposes of appellate jurisdiction. In so doing, the court found that a defendant has 30 days after the trial court "disposes of" any timely filed motion against the judgment in which to file his appeal. "Disposing of" a motion, according to the Second District, could mean denying a proper motion to vacate the plea or dismissing an improperly filed motion to reconsider the sentence. *Green*, 375 Ill. App. 3d at 1054, 874 N.E.2d at 939. The court concluded that the defendant's appeal was therefore timely.

The State acknowledges that, under *Flowers*, the requirements of Rule 604 are not jurisdictional, but it argues that *Green* was wrongly decided. We emphasize, however, that *Green* dealt with appellate jurisdiction to consider an issue not expressly covered by Rule 604–specifically, statutory sentence credit. That issue is not before us in this appeal. The defendant here raises an issue directly related to the propriety of his sentence. Under *Green*, as under *Linder*, the defendant lost the right to raise that issue by failing to file a motion to withdraw his guilty plea.

The Fourth District reached a similar conclusion in *Guerrero*. There, as in *Green*, the

9

defendant pled guilty to a drug charge in exchange for an agreement by the State not to seek a sentence above a specified cap. *Guerrero*, 311 Ill. App. 3d at 969, 725 N.E.2d at 784. As in *Green*, the trial court accepted his plea, sentenced him within the agreed-upon range, and imposed drug-related fees and fines without giving the defendant a monetary credit against those fines for time spent in jail prior to sentencing. *Guerrero*, 311 Ill. App. 3d at 969, 725 N.E.2d at 784. The defendant appealed, arguing that he was entitled to the statutory credit. Like the defendant in *Green*, that was his sole contention on appeal. *Guerrero*, 311 Ill. App. 3d at 969, 725 N.E.2d at 784.

Citing *Linder*, the State argued that the defendant could not file any appeal without first filing a motion to withdraw his guilty plea. *Guerrero*, 311 Ill. App. 3d at 969, 725 N.E.2d at 784. The appellate court treated this as a waiver argument, not a jurisdictional argument. *Guerrero*, 311 Ill. App. 3d at 971, 725 N.E.2d at 785 (holding that "the rules of waiver do not apply"); see also *Linder*, 186 Ill. 2d at 74, 708 N.E.2d at 1172 (explaining that a negotiated plea is an agreement not to challenge any sentence below the agreed-upon cap).

In finding the rules of waiver inapplicable, the Fourth District considered a supervisory order of the supreme court vacating one of its previous decisions. The previous case, *People v. Moore*, 289 Ill. App. 3d 357, 681 N.E.2d 1089 (1997), *vacated in relevant part*, 175 Ill. 2d 545, 688 N.E.2d 308 (1997) (supervisory order), had been decided prior to the supreme court's ruling in *Linder*. In *Moore*, the defendant filed a postplea motion in accordance with the version of Rule 604 then in effect (145 Ill. 2d R. 604(d)), but he did not address the $5-per-day statutory credit in his motion. *Guerrero*, 311 Ill. App. 3d at 970, 725 N.E.2d at 784 (citing *Moore*, 289 Ill. App. 3d at 362-65, 681 N.E.2d at 1092-94). The *Moore* court found the issue of statutory credit waived by the defendant's failure to raise it in his postplea motion, and the supreme court vacated that portion of the decision. *Guerrero*, 311 Ill. App. 3d at 970, 725 N.E.2d at 784. The *Guerrero* court stated, "Although that order was

10

nonprecedential and supervisory in nature, we decline the State's invitation to revisit that path premised on *Linder*." *Guerrero*, 311 Ill. App. 3d at 970, 725 N.E.2d at 784.

We find the defendant's reliance on *Guerrero* misplaced for two reasons. First, the decision relies on a nonprecedential supervisory order that dealt with general waiver principles rather than the motion requirements of Rule 604. Thus, we do not find the case persuasive. Second, *Guerrero*, like *Green*, did not involve a challenge to the sentence itself as the case at bar does. The court expressly noted the relevance of this distinction, stating: "Defendant is not challenging the propriety or conditions of his conviction or underlying sentence. He is merely asking that the court grant him a statutory credit to which he is entitled against a properly imposed fine." *Guerrero*, 311 Ill. App. 3d at 971, 725 N.E.2d at 785. This distinction is logical. While a negotiated guilty plea constitutes an agreement to accept a sentence within the agreed-upon range, it does not constitute an agreement to waive a statutory $5-per-day credit. The rationale of *Linder* is not implicated when the defendant appeals a tangential issue without challenging his sentence itself. Thus, *Guerrero* is not analogous to the instant case.

Finally, the defendant cites a supervisory order overturning the Fourth District's decision in *Harden*, 321 Ill. App. 3d 203, 747 N.E.2d 1095, *vacated*, 195 Ill. 2d 562, 757 N.E.2d 442 (2001) (supervisory order). The supervisory order vacated the *Harden* decision and remanded the case to the trial court with directions to allow the defendant to withdraw his guilty plea. The defendant here concedes that the supervisory order is nonprecedential, but he argues that it demonstrates the limits on applying *Linder*. Although the very nature of a supervisory order precludes us from giving any credence to this contention, we note that the context in which the supreme court filed the order in *Harden* illustrates the fallacy of the defendant's argument. We also note that, although the defendant does not cite them, there are published decisions that reach the same result. We will therefore discuss the defendant's

11

argument.

The defendant in *Harden* pled guilty to a charge of possession with intent to deliver cocaine in exchange for the State's agreement to recommend a 20-year sentence cap. *Harden*, 321 Ill. App. 3d at 204-05, 747 N.E.2d at 1096-97. He filed a motion to reconsider his sentence but did not file a motion to withdraw his guilty plea. *Harden*, 321 Ill. App. 3d at 205, 747 N.E.2d at 1097.

At the time the defendant in *Harden* pled guilty, Rule 604 did not contain the relevant language; it provided only that no appeal could be taken from a judgment entered on a guilty plea unless the defendant timely filed a motion to withdraw his plea or a motion to reconsider the sentence. The rule did not distinguish between open and negotiated pleas. *Harden*, 321 Ill. App. 3d at 207, 747 N.E.2d at 1099 (citing 145 Ill. 2d R. 604(d)). Rule 605(b), which contains the admonitions a court is required to give a defendant pleading guilty, likewise did not reflect the distinction between open and negotiated pleas. *Harden*, 321 Ill. App. 3d at 207, 747 N.E.2d at 1098-99 (citing 145 Ill. 2d R. 605(b)). However, the supreme court, in *People v. Evans*, 174 Ill. 2d 320, 673 N.E.2d 244 (1996), *had* drawn that distinction. *Evans* held that a defendant who wishes to challenge a sentence imposed pursuant to a negotiated plea agreement that included a specific sentence must first withdraw his guilty plea. *Linder*, 186 Ill. 2d at 72, 708 N.E.2d at 1171-72. *Linder* expanded this holding to include a defendant who pleads guilty in exchange for the State's agreement to recommend a cap, rather than a specific sentence. *Linder*, 186 Ill. 2d at 74, 708 N.E.2d at 1172. Rules 604(d) and 605(b) were subsequently amended to reflect these rulings. See *Green*, 375 Ill. App. 3d at 1052, 874 N.E.2d at 938; *Harden*, 321 Ill. App. 3d at 208, 747 N.E.2d at 1099.

The defendant in *Harden* conceded that the rule of *Linder* and *Evans* was applicable, but he argued that the case should be remanded to allow him to withdraw his guilty plea because the trial court had not admonished him of this requirement. *Harden*, 321 Ill. App.

12

3d at 206, 747 N.E.2d at 1097-98. In rejecting this contention, the court acknowledged that "a necessary antecedent to requiring strict compliance by a defendant with Rule 604(d) is that the defendant be given the admonition contained in Rule 605(b)." *Harden*, 321 Ill. App. 3d at 207-08, 747 N.E.2d at 1099 (citing *People v. Jamison*, 181 Ill. 2d 24, 29, 690 N.E.2d 995, 998 (1998)). The court noted that Rule 605 was subsequently amended to provide "accurate admonitions of a defendant's appeal rights following a negotiated plea of guilty" (*Harden*, 321 Ill. App. 3d at 208, 747 N.E.2d at 1099), but it found that a remand was not necessary for two reasons. First, the trial court had "fully complied with the directives of Rule 605(b) as then written." *Harden*, 321 Ill. App. 3d at 208, 747 N.E.2d at 1099. Second, the defendant in *Harden* pled guilty two years after *Evans* was decided; thus, the court reasoned, "the trial court and all parties were aware of the *Evans* decision." *Harden*, 321 Ill. App. 3d at 209, 747 N.E.2d at 1100.

As previously mentioned, the supreme court vacated this decision in a nonprecedential supervisory order. *Harden*, 195 Ill. 2d 562, 757 N.E.2d 442 (supervisory order). The court provided the same relief–a remand to the trial court to allow a defendant an opportunity to move to withdraw the guilty plea–as in other cases involving similar procedural histories. *E.g.*, *Diaz*, 192 Ill. 2d at 227-28, 735 N.E.2d at 613 (remanding to allow a defendant sentenced two years before *Evans* was decided to file the proper motion); *People v. Clark*, 183 Ill. 2d 261, 270-71, 700 N.E.2d 1039, 1044 (1998) (same). Thus, although the *Harden* case does not provide support for the defendant's position, he is correct in his contention that a remand to allow compliance with the motion requirements is proper under certain circumstances. See *Flowers*, 208 Ill. 2d at 301, 802 N.E.2d at 1180-81 (explaining that where a trial court fails to give the admonitions now required by Rule 605(b), "the appropriate course is to remand the cause to the trial court for strict compliance with Rule 604(d)").

13

The problem for the defendant is that this appeal does not involve those circumstances. The defendant here pled guilty in December 2007 and was sentenced in January 2008. These events took place 11 years after *Evans* was decided, 8 years after *Linder* was decided, and 7 years after Rules 604(d) and 605(b) were amended to reflect the *Evans* and *Linder* decisions. More importantly, the record reflects that the trial court gave the defendant the proper admonitions, and he does not contend otherwise. We conclude that a remand to allow the defendant to comply with the motion requirements is not warranted.

We note that the defendant also argues that a remand is necessary to allow his counsel to comply with the certification requirement of Rule 604. In light of our determination that *Linder* requires us to dismiss his appeal, we need not reach that issue.

For the foregoing reasons, we dismiss the defendant's appeal.


Appeal dismissed.


WELCH and GOLDENHERSH, JJ., concur.

NO. 5-08-0069

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Randolph County. |
| | ) | |
| v. | ) | No. 07-CF-205 |
| | ) | |
| DANNY A. DeROSA, | ) | Honorable |
| | ) | William A. Schuwerk, Jr., |
| Defendant-Appellant. | ) | Judge, presiding. |

---

**Opinion Filed**: November 25, 2009

---

**Justices**: Honorable Melissa A. Chapman, J.

Honorable Thomas M. Welch, J., and
Honorable Richard P. Goldenhersh, J.,
Concur

---

**Attorneys for Appellant**

Michael J. Pelletier, State Appellate Defender, Johannah B. Weber, Deputy Defender, Edwin J. Anderson, Assistant Appellate Defender, Office of the State Appellate Defender, 117 N. Tenth Street, Suite 300, Mt. Vernon, IL 62864

---

**Attorneys for Appellee**

Hon. Randall Rodewald, State's Attorney, Randolph County Courthouse, Chester, IL 62233

Patrick Delfino, Director, Stephen E. Norris, Deputy Director, Patrick D. Daly, Staff Attorney, Office of the State's Attorneys Appellate Prosecutor, 730 E. Illinois Hwy 15, Suite 2, P.O. Box 2249, Mt. Vernon, IL 62864

---