# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Albers*, 2013 IL App (2d) 111103

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL P. ALBERS, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-11-1103 |
| Filed | June 28, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Following defendant's conviction for aggravated driving under the influence of alcohol following a negotiated guilty plea, his appeal from the denial of his motion for reconsideration of his sentence was dismissed on the ground that he failed to move to withdraw his guilty plea as required by Supreme Court Rule 604(d), since defendant was barred from challenging his sentence without moving to withdraw his guilty plea and the trial court should have struck his motion to reconsider instead of considering the motion on the merits. |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 10-CF-2910; the Hon. James K. Booras, Judge, presiding. |
| Judgment | Appeal dismissed. |

Counsel on Appeal
Thomas A. Lilien and Bruce Kirkham, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Lawrence M. Bauer and Diane L. Campbell, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel
JUSTICE SPENCE delivered the judgment of the court, with opinion.
Justices Hutchinson and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Michael P. Albers, entered a negotiated plea of guilty to one count of aggravated driving under the influence of alcohol (DUI) (625 ILCS 5/11-501(d)(1)(F) (West 2010)) and was sentenced to 10 years' imprisonment. He moved to reconsider his sentence. The trial court denied the motion, and defendant appealed. On appeal, he contends that a remand is required because his trial counsel filed a defective certificate of compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2006). Because Rule 604(d) did not allow defendant to challenge his sentence without moving to withdraw his guilty plea, and because defendant failed to comply with this motion requirement, we dismiss the appeal.

¶ 2                              I. BACKGROUND

¶ 3    On August 12, 2010, defendant, who was driving with a blood alcohol concentration of 0.08 or more, was involved in a fatal car accident. Defendant rounded a curve to the right into oncoming traffic and collided with another car, killing one person and injuring another. The grand jury returned an eight-count indictment against defendant, with the charges ranging from aggravated DUI (625 ILCS 5/11-501(d)(1)(C), (F) (West 2010)) to reckless homicide (720 ILCS 5/9-3(a) (West 2010)). Public defender Katharine Hatch was appointed to represent defendant. A short time later, defendant requested to proceed *pro se* and was granted leave to do so.

¶ 4    Defendant ultimately pled guilty to count I of the indictment, which charged aggravated DUI resulting in the death of another person (625 ILCS 5/11-501(d)(1)(F) (West 2010)), a Class 2 felony. In return for defendant's plea, the State dismissed the remaining charges and recommended a sentencing cap of 10 years' imprisonment. At the hearing, the trial court explained to defendant that the sentencing range for the offense was 3 to 14 years, and it explained the consequences of his plea. Determining that defendant's plea was voluntary and intelligent, the trial court accepted the plea.

¶ 5        With regard to sentencing, defendant did not proceed *pro se* but was represented by attorney Hatch. Following a hearing, the court imposed a 10-year sentence. The court properly admonished defendant that, should he wish to appeal the judgment, he would need to file in the trial court a motion to vacate the judgment and for leave to withdraw his guilty plea. Defendant did not do so. Instead, within 30 days, he filed a *pro se* motion to reconsider the sentence.

¶ 6        The trial court appointed attorney Hatch, who filed a Rule 604(d) certificate stating: "1. I have consulted with the Defendant, in person[,] to ascertain his/her contentions of error in the sentence in the above-entitled cause ***. 2. I have examined the trial court file and report of the proceedings of the plea of guilty. 3. I have made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." The certificate did not state that counsel had consulted with defendant to ascertain his contentions of error in the entry of the guilty plea.

¶ 7        The court conducted a hearing on defendant's motion to reconsider his sentence. Counsel did not amend defendant's *pro se* motion but argued the points defendant had raised. The court rejected all of defendant's claims, reasoning that it had considered all of the factors in aggravation and mitigation when fashioning a sentence and that defendant's 10-year sentence was fair. The court noted that it had even commended defendant for getting a "deal" from the State, because the sentence would have been much more severe otherwise. Defendant timely appealed the denial of his motion to reconsider his sentence.

¶ 8                                   II. ANALYSIS

¶ 9        On appeal, defendant requests a remand on the ground that his trial counsel's Rule 604(d) certificate was defective. A Rule 604(d) certificate has three main requirements, and it is the first requirement, the consultation requirement, that defendant challenges here. According to defendant, the certificate was defective because trial counsel stated that she ascertained defendant's contentions of error only in his sentence, but not in the entry of his guilty plea. See Ill. S. Ct. R. 604(d) (eff. July 1, 2006) (requiring a defendant's attorney in a guilty-plea case to "file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain the defendant's contentions of error in the sentence or the entry of the plea of guilty").

¶ 10       The State counters that the certificate complied with Rule 604(d) because the rule is phrased in the disjunctive: counsel is required to consult with the defendant about his contentions of error in the sentence *or* in the entry of the guilty plea. The State also argues that because defendant filed an improper postjudgment motion under Rule 604(d), in that defendant independently challenged his sentence without moving to withdraw his guilty plea, he is not entitled to a remand, or to any relief for that matter. We agree with the State's second argument and therefore need not resolve whether the certificate complied with Rule 604(d).

¶ 11       The plea at issue here was a negotiated plea in that the State agreed to a sentencing cap. Under this type of plea agreement, defendant was not allowed to challenge merely his sentence under Rule 604(d); he was required to file a motion to withdraw his guilty plea and

-3-

vacate the judgment. See *id.* ("No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment."). Our supreme court in *People v. Linder*, 186 Ill. 2d 67, 74 (1999), explained that to allow a defendant to seek reconsideration of his sentence without moving to withdraw his guilty plea unfairly binds the State to the terms of the plea agreement while giving the defendant the opportunity to avoid or modify those terms. Rule 604(d) incorporates our supreme court's holding that such a strategy is impermissible. *Id.*

¶ 12    "Ordinarily, the failure to file the appropriate motion under Rule 604(d) results in dismissal of the appeal." *People v. Green*, 375 Ill. App. 3d 1049, 1053 (2007) (citing *Linder*, 186 Ill. 2d at 74). Defendant recognizes this hurdle and tries to overcome it by relying on *People v. Neal*, 403 Ill. App. 3d 757 (2010), a case decided by the Fourth District. As in this case, the defendant in *Neal* entered a negotiated guilty plea but moved only to reconsider his sentence. *Id.* at 758. The defendant's counsel in *Neal* filed a Rule 604(d) certificate, and the trial court denied on the merits the defendant's motion challenging his sentence. *Id.* at 759. On appeal, the defendant sought a remand on the ground that counsel's certificate did not comply with Rule 604(d). *Id.* The State confessed error and agreed that the case should be remanded on this basis. *Id.* at 760. The appellate court likewise agreed that the certificate was defective and remanded the case for strict compliance with Rule 604(d). *Id.* at 760-61.

¶ 13    We disagree with the reasoning in *Neal*, because it violates Rule 604(d) and our supreme court's decision in *Linder*. In *Linder*, the defendant pled guilty to armed robbery and aggravated vehicular hijacking, after the State agreed to dismiss the other charges and not seek a sentence in excess of 15 years' imprisonment. *Linder*, 186 Ill. 2d at 69. The trial court accepted the plea agreement and sentenced the defendant within the agreed-upon range. *Id.* As in *Neal* and the case at bar, the defendant then filed a motion to reconsider his sentence but not a motion to withdraw his guilty plea. *Id.* at 69-70. The trial court denied the defendant's motion to reconsider his sentence, and the defendant appealed. *Id.* at 69.

¶ 14    On appeal, the defendant argued that he was entitled to a new sentencing hearing because his attorney failed to file a Rule 604(d) certificate prior to the hearing on his motion to reconsider his sentence. *Id.* Though no Rule 604(d) certificate was ever filed, the State argued that the absence of the certificate was irrelevant. *Id.* The State argued that the defendant would not be entitled to relief on appeal even if such a certificate had been filed, because he never moved to withdraw his guilty plea. *Id.* at 70.

¶ 15    The supreme court stated that, by agreeing to plead guilty in exchange for a recommended sentencing cap, a defendant is, in effect, agreeing not to challenge any sentence imposed below that cap on the grounds that it is excessive. *Id.* at 74. Because the defendant did not move to withdraw his guilty plea and vacate the judgment, as required by Rule 604(d), the supreme court determined that the trial court correctly refused to reconsider his sentence. *Id.* Moreover, the supreme court stated that the appellate court should not have entertained the defendant's appeal. *Id.* Where a defendant fails to comply with the motion requirement of Rule 604(d), "the appellate court must dismiss the appeal." *Id.*

¶ 16    A Fifth District case, *People v. DeRosa*, 396 Ill. App. 3d 769 (2009), discussed Rule

604(d) and *Linder* at length. The *DeRosa* court explained that Rule 604(d) contains a "motion requirement" and a "certification requirement," and that courts treat the failure to comply with each requirement differently. *Id.* at 774. On the one hand, the remedy for a failure to comply with the certification requirement is a remand to the trial court for a new motion and a hearing in compliance with the rule. *Id.* On the other hand, where a defendant has failed to comply with the motion requirement, the appellate court generally cannot reach the merits and must dismiss the appeal. *Id.*

¶ 17　　In *DeRosa*, as in *Linder*, *Neal*, and the case at bar, the defendant entered a negotiated plea but moved only to reconsider his sentence. *Id.* at 771, 774. Despite no certificate being filed, the *DeRosa* court did not remand the case on that basis. *Id.* at 771. Instead, the court dismissed the appeal, stating that *Linder* required such a result. *Id.* at 780.

¶ 18　　We agree with *DeRosa*, which reached the result mandated by *Linder*, and disagree with *Neal*. Whereas the *Neal* court remanded the case for lack of compliance with the "certification requirement," it should have dismissed the appeal for lack of compliance with the "motion requirement." Indeed, the *Linder* court made clear that, when Rule 604(d)'s motion requirement is not satisfied, the lack of a certificate is inconsequential. Therefore, defendant in this case is not entitled to a remand for lack of compliance with the certification requirement. Because defendant failed to move to withdraw his guilty plea, we are bound to dismiss the appeal. See *Linder*, 186 Ill. 2d at 74 (where a defendant fails to comply with the motion requirement of Rule 604(d), the appellate court must dismiss the appeal, leaving the Post-Conviction Hearing Act as the defendant's only recourse).

¶ 19　　Going forward, we note that one way to ensure compliance with Rule 604(d)'s motion and certification requirements is for the trial court to determine whether a defendant's motion to reconsider his sentence is properly before it. Had the trial court in this case recognized that defendant entered a negotiated guilty plea, meaning that he was not allowed to challenge his sentence without moving to withdraw his guilty plea, then the court could have struck his motion to reconsider his sentence rather than hearing it on the merits.

¶ 20　　　　　　　　　　　　　　III. CONCLUSION

¶ 21　　Because defendant violated the motion requirement in Rule 604(d), we dismiss the appeal.

¶ 22　　Appeal dismissed.