2022 IL App (2d) 200598-U
No. 2-20-0598
Order filed March 14, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 18-CF-1945 |
| JOSE L. AGUIRRE, | ) ) ) | Honorable Brian F. Telander, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HUTCHINSON delivered the judgment of the court.
Presiding Justice Bridges and Justice Hudson concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Because defendant was properly admonished under Rule 605(c) that he needed to file a motion to withdraw his negotiated guilty plea before appealing, his failure to file such a motion requires dismissal of this appeal.

¶ 2    Defendant, Jose L. Aguirre, appeals from his conviction of attempted first-degree murder (720 ILCS 5/8-4(a), 9-1(a)(1) (West 2018)) entered upon a negotiated guilty plea. He failed to file a motion to withdraw his plea as a prerequisite to appealing as required by Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) but contends that the trial court did not substantially comply with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001) when it gave him postplea admonitions.

Thus, he seeks a remand for correct admonishments and an opportunity to withdraw his plea. Because the trial court substantially complied with Rule 605(c) and defendant did not file a motion to withdraw his plea, we dismiss this appeal.

¶ 3                                   I. BACKGROUND

¶ 4      In October 2019, defendant entered a partially negotiated guilty plea to attempted murder. In exchange, the State dismissed a count of aggravated domestic battery (720 ILCS 5/12-3.3(a) (West 2018)) and agreed to a sentence cap of 23 years' incarceration. A Spanish interpreter was provided to defendant throughout the proceedings.

¶ 5      At the plea hearing, defendant told the court that he was age 50 and had a sixth-grade education. He took medication, which did not affect his ability to work with defense counsel or understand the court. Defendant acknowledged having a drug and alcohol addiction and said that he had briefly discussed it with counsel. The court advised defendant of the rights he was giving up by pleading guilty, heard the factual basis for the plea, and determined that the plea was voluntary. Defendant stipulated that he attempted to kill his ex-girlfriend when he ran her down with his vehicle, a large SUV, in the parking lot of the Yorktown mall.

¶ 6      At sentencing on February 10, 2020, after considering the factors in aggravation and mitigation, the court sentenced defendant to 20 years' incarceration. The court then admonished defendant as follows:

> "Sir, although you pled guilty, you still have a right to appeal my sentence. If you decide to do that, you have to file a motion to withdraw your plea in writing in 30 days in the clerk [*sic*].
>
> In the motion, you have to set forth all the grounds, the legal grounds that you feel are appropriate. Anything not in the motion is deemed waived on appeal. I would then have

a hearing. And if I granted your request, all of the charges would be reinstated and set for trial.

If I denied it, you would have 30 days to file what is called a notice of appeal. If you could not afford an attorney, one would be appointed and I would get you a free transcript of everything that you did here."

¶ 7     On February 11, 2020, defendant's private counsel moved to withdraw as counsel. On February 14, 2020, the court granted leave to withdraw and appointed the public defender for purposes of filing any postplea motions. On March 3, 2020, the public defender appeared and stated that he "wasn't quite sure" why he had been appointed or "what remained to be done" in the case. Counsel had spoken with defendant, who told him that he was upset about his sentence. Counsel said that he told defendant that he could move to withdraw the guilty plea and start over again, but defendant did not want to do that. Instead, defendant wanted his sentence revisited because his private counsel did not call certain people to testify at the sentencing hearing, and he believed that, had they testified, the court would have imposed a lower sentence. Counsel said that he advised defendant that, because his plea agreement involved a negotiated sentence, he would not be able to appeal any ruling on the length of his sentence and that "the only way [he could] accrue a right to appeal would be to move to withdraw the plea which is not the avenue he wishes to pursue." Counsel told defendant that he could file a motion seeking to reopen the sentencing hearing to present the witnesses his previous attorney failed to call, but counsel also reiterated to defendant that he would not be able to appeal the court's ruling without first moving to withdraw his plea.

¶ 8     On March 9, 2020, counsel filed a "Motion to Supplement Sentencing Evidence and Reduce Sentence." He did not file a Rule 604(d) certificate. In response, the State filed a motion

to clarify and asked that defendant identify the witnesses by name. At a September 30, 2020, status hearing, without defendant present, the trial court denied defendant's motion, finding that his request to reopen the sentencing hearing was "extraordinary" and that it had already considered everything before imposing the sentence. On October 1, 2020, defendant was present for a hearing, and the court repeated its ruling denying his postsentencing motion. Defendant spoke to the court, stating in part that his private counsel lied to him and never explained "the things how they were." Counsel stated that he wanted it on the record that he had advised defendant that, for the court to reconsider his sentence, defendant would have to first move to withdraw his plea, and defendant said that he did not want to do that. The court reaffirmed its ruling denying the motion, and defendant said, "There's a lot of things that are not clear." The court replied, "Okay. That's it. Thank you." Defendant appeals.

¶ 9                                    II. ANALYSIS

¶ 10    Defendant contends that the trial court failed to properly admonish him under Rule 605(c) and that, therefore, this court should excuse his failure to file a motion to withdraw his guilty plea and remand to the trial court for proper admonishments. The State responds that the trial court substantially complied with Rule 605(c), and the appeal should be dismissed because defendant never filed a motion to withdraw his plea. We agree with the State.

¶ 11    Generally, when a defendant fails to file a timely motion to withdraw his guilty plea under Rule 604(d), the appellate court must dismiss the appeal. *People v. Flowers*, 208 Ill. 2d 291, 301 (2003). However, dismissal of an appeal based on a defendant's failure to file the requisite motion would violate due process if the defendant did not know that filing the motion was necessary. *Id.*

¶ 12    To safeguard the defendant's right to review of his or her plea, Rule 605(c) provides that, when a sentence is imposed after a negotiated guilty plea, the defendant must be admonished substantially as follows:

"(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." Ill. S. Ct. R. 605(c) (eff. Oct.1, 2001).

¶ 13    The consequences of failing to file the proper motion under Rule 604(d) depend on whether the defendant was properly admonished under Rule 605(c). If the trial court substantially complied with Rule 605(c), the appeal must be dismissed. See *People v. Jamison*, 181 Ill. 2d 24, 28-29

(1998). If not, the proper remedy is to remand to the trial court so that the defendant may be properly admonished. *Id.* at 29-30.

¶ 14 Because Rule 605(c) uses the term "substantially," the trial court is not required to recite the exact language of the rule. *People v. Dominguez*, 2012 IL 111336, ¶ 22. Instead, the trial court must "impart to a defendant largely that which is specified in the rule, or the rule's 'essence,' as opposed to 'wholly' what is specified in the rule." *Id.* ¶ 19. So long as the defendant is properly informed, or put on notice, of what he must do to preserve his right to appeal his guilty plea or sentence, the admonitions are deemed sufficient to impart to defendant the essence or substance of the rule and the court has substantially complied with it. *Id.* ¶ 22. However, admonishments are insufficient if the trial court leaves out the substance of the rule. *Id.* Our supreme court has determined that this means that the court must advise the defendant of all six items contained in the rule, but the court need not recite the rule verbatim. *Id.* ¶¶ 15, 22. We review *de novo* a trial court's compliance with Rule 605(c). *Id.* ¶ 13.

¶ 15 *Dominguez* illustrates substantial compliance with the rule. There, the trial court admonished the defendant of his " 'right to return to the courtroom within 30 days to file motions to vacate [his] plea of guilty and/or reconsider your sentence.' " *Id.* ¶ 5. The court also stated: " 'In the event the motions are denied, you have 30 days from denial to return to file a notice of appeal the Court's ruling. If you wish to do so and could not afford an attorney, we will give you an attorney free of charge, along with the transcripts necessary for those purposes.' " *Id.* The trial court also provided the defendant with a waiver form containing written admonishments, which tracked the language of the rule. *Id.* ¶ 6. On appeal, the defendant argued in part that the court's admonishments implied that counsel was available only after postplea proceedings and that the admonishments regarding the requisite postplea motions affirmatively misled him. *Id.* ¶¶ 42, 47.

Our supreme court noted that, while the trial court "arguably did not explicitly inform defendant that he was entitled to have an attorney appointed to help him prepare the postplea motions. *** [T]he admonitions reflect that a court-appointed attorney would be available for defendant." *Id.* ¶ 51. The court concluded that the trial court's admonishments conveyed the substance of the rule to the defendant and thus complied with Rule 605(c). *Id.*

¶ 16     The *Dominguez* court further noted that the written admonishments supplemented the more general oral statements. *Id.* However, although there was no waiver form here, that fact does not meaningfully distinguish this case from *Dominguez*, where the supreme court relied on both *In re J.T.*, 221 Ill. 2d 338 (2006), and *People v. Dunn*, 342 Ill. App. 3d 872 (2003), neither of which involved written admonishments. Our supreme court noted that, in those cases, the trial court also "arguably did not explicitly inform defendant that he was entitled to have an attorney appointed to help him prepare the postplea motions," but despite that imperfection in the oral admonishments, they were nevertheless sufficient to convey the substance of the rule to defendant and thus complied with Rule 605(c). *Dominguez*, 2012 IL 111336, ¶ 51.

¶ 17     Here the admonishments, while not verbatim of the rule, informed defendant of the substance, or "essence," of each required admonition in the rule. Defendant specifically argues that the court erred by (1) telling him that he had the right to appeal his sentence without telling him that he was required to file a motion asking the court to vacate the judgment of conviction; and (2) failing to advise him that a motion to withdraw the plea was a mandatory prerequisite to any appeal and, if granted, would entail vacatur of both the judgment and sentence. We disagree that the court's admonitions were deficient.

¶ 18     The court told defendant that he had a right to appeal and, if he decided to do so, "you have to file a motion to withdraw your plea within 30 days." The court also told him that, if the motion

was granted, "all of the charges would be reinstated and set for trial." While the admonitions did not use the exact verbiage of Rule 605(c)—in that the court did not specify that the motion should ask for vacatur of the judgment or that, if granted, both the judgment and sentence would be vacated—the court made clear that a motion to withdraw the plea was a necessary prerequisite for an appeal and, if granted, would result in reinstatement of the charges.

¶ 19    Defendant also argues that the admonitions were confusing regarding when counsel would be appointed, indicating that counsel would only be appointed for appeal, and he further points to statements he made indicating that he was confused about the process. But under *Dominguez*, the admonitions concerning appointment of counsel were sufficient, and, in any event, counsel was indeed appointed for assistance with defendant's posttrial motions. Moreover, the record as a whole also shows that defendant understood the requirement to file a motion to withdraw his plea and that he explicitly told counsel that he did not want to do so.

¶ 20    Defendant also suggests that, because counsel did not file a Rule 604(d) certificate confirming that he consulted with defendant to ascertain his contentions, the record lacks assurance that counsel did so. But, because a motion to withdraw the plea was not filed, the lack of such a certificate is inconsequential. *People v. Albers*, 2013 IL App (2d) 111103, ¶ 18. Further, the record contains multiple statements from counsel that he consulted with defendant and that defendant did not wish to withdraw his plea.

¶ 21                                III. CONCLUSION

¶ 22    The trial court substantially admonished defendant under Rule 605(c). Thus, his failure to file a Rule 604(d) motion to withdraw his plea as a prerequisite to appeal was not cured by the admonition exception. Accordingly, we dismiss this appeal.

¶ 23    Appeal dismissed.