NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 250551-UB

NO. 4-25-0551

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 30, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Ogle County |
| JESSE RAY RUSSELL BUSHMAN, | ) | No. 24DV52 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Anthony W. Peska, |
| | ) | Judge Presiding. |

JUSTICE VANCIL delivered the judgment of the court.
Presiding Justice Steigmann and Justice Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court reversed and remanded to the trial court where defendant did not move to withdraw his guilty plea before appealing, as required by Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024), but the trial court failed to admonish defendant pursuant to Illinois Supreme Court Rule 605(c) (eff. April 15, 2024).

¶ 2    Defendant, Jesse Ray Russell Bushman, pleaded guilty to one count of battery, a Class A misdemeanor (720 ILCS 5/12-3(a)(1) (West 2024)), and one count of driving while under the influence of alcohol (DUI) with an alcohol concentration in his blood or breath of 0.08 or more, a Class A misdemeanor (625 ILCS 5/11-501(a)(1) (West 2024)). Later, he filed two motions, *pro se*, asking the trial court to reduce his DUI conviction to a conviction for reckless driving and reinstate his driver's license. The court denied both motions, and defendant appealed. We found defendant failed to move to withdraw his guilty plea before appealing, as required by Illinois Supreme Court Rule 604(d) (Apr. 15, 2024), and we dismissed his appeal. *People v. Bushman*,

2025 IL App (4th) 250551-U, ¶ 3.

¶ 3        Defendant petitioned the supreme court for leave to appeal. The supreme court denied his petition but vacated our judgment and directed us to consider whether the admonition exception to Rule 604(d) required a different result. *People v. Bushman*, No. 132772 (Ill. Mar. 25, 2026) (supervisory order). We find that it does. Accordingly, we vacate our judgment in *Bushman*, and, for the reasons that follow, we remand to the trial court for strict compliance with Rule 604(d).

¶ 4                                    I. BACKGROUND

¶ 5        In September 2024, the State charged defendant with one count of domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2024)) (count I), one count of battery (*id.* § 12-3(a)(1)) (count II), one count of DUI with an alcohol concentration in his blood or breath of 0.08 or more (625 ILCS 5/11-501(a)(1) (West 2024)) (count III), and one count of DUI (*id.* § 11-501(a)(2)) (count IV). The State filed a verified petition to deny defendant pretrial release. At defendant's first appearance, the trial court granted defendant pretrial release, subject to certain conditions, including that defendant have no contact with the alleged victims, not consume alcohol, and wear a secure continuous remote alcohol monitor.

¶ 6        At a hearing on February 10, 2025, the State filed a petition for sanctions in open court, which the trial court set for hearing on a later date. The petition alleged that defendant failed to comply with pretrial release conditions. The court also indicated that the State had filed a petition to revoke pretrial release. The record on appeal does not include any petition to revoke pretrial release.

¶ 7        At a hearing on February 27, 2025, defendant pleaded guilty to battery (count II) and DUI (count III). Defense counsel told the trial court this was a "fully negotiated agreement." In exchange for defendant's plea, the State recommended concurrent sentences of 2 days of jail

time and 18 months of probation in each case, plus 240 hours of public service and fines. The State also agreed to dismiss the other two charges. The court asked defendant if defense counsel's report was correct, and defendant responded, "Yes, Your Honor." Defendant denied that anyone threatened him or promised him anything in exchange for the plea. The court asked,

"Do you understand if you were to plead guilty to these two charges— they're both Class As. Class As carry with them a potential penalty of up to a year in jail, a fine of up to $2500, and up to two years of probation.

If you were to plead guilty to these, you're giving up your right to have a trial and all the rights that go along with having a trial. Do you understand that?"

Defendant answered, "Yes, sir." The State also withdrew its petition for sanctions. The trial court accepted defendant's plea as voluntarily made. The State then made a proffer of facts, which the court accepted. The court observed that a DUI evaluation was not yet on file, so it stayed its order until the evaluation was submitted.

¶ 8        On April 17, 2025, a DUI evaluation was filed, and the trial court held another hearing on defendant's sentencing. The State repeated the sentencing agreement previously proposed. The court asked defendant, "Is that accurate, [defendant]? Do you remember pleading guilty to those agreed terms?" Defendant answered, "Yup." Defense counsel also stated that he agreed. The court asked defendant if he still wished to plead guilty, and defendant answered, "Yeah." The court sentenced defendant pursuant to the parties' agreement.

¶ 9        On May 15, 2025, defendant filed two notices of appeal *pro se*. He also filed two motions. The first, a motion to "Vacate Revocation," asked the trial court to "Vacate order revoking Defendants drivers license." The second, a motion to "Reduce Sentence," asked the court to "Reduce the DUI conviction to a reckless driving considering defendant's sobriety and no

treatment for alcohol is recommended." The motion explained,

> "Defendant needs drivers license to complete programs for probation, needs to work so defendant can provide for child and needs to be able to pay the monies owed on defendants fine. Defendant is willing to do 24 months probation instead of 18 for that arrangement possible higher fine."

¶ 10 At a hearing on defendant's motions, the trial court observed that defendant still had an attorney representing him. It asked if defendant wanted to continue with his attorney, hire another attorney, or move forward *pro se*. Defendant chose to represent himself and to move forward with his motions.

¶ 11 In response to defendant's motions, the State insisted that the Illinois Secretary of State controlled driver's licenses, not the court. The State also indicated it was "not willing to amend the charge" from DUI to reckless driving.

¶ 12 Regarding his motion to reduce his sentence, defendant explained, "[W]e could take care of the DUI and make it to the reckless. I would have my license." The trial court responded, "I don't have the power to do that," and, "That's solely up to the State." The court also informed defendant that it had no control over his driver's license.

¶ 13 The trial court indicated that it had struck defendant's notices of appeal. It then explained,

> "[Y]ou didn't file the proper motions. Okay? So I can do one of two things for you: I can deny both your motions and let you appeal and you can go ahead and file your notice again now; or I can give you leave to amend one of them, and you can do that yourself or hire an attorney to amend it."

The court added that it could not tell defendant what to do, but defendant's "filings [were]

improper." Defendant answered, "I'll just appeal." The court then denied defendant's motion to vacate the revocation of his driver's license, finding it lacked jurisdiction. It further denied defendant's motion to reduce his sentence, finding it did not have the authority to reopen the case over the State's objection.

¶ 14    The trial court then told defendant that he had the right to appeal. It added, "I went through your appeal admonishments before, which I think you understood because you did file a notice of appeal." The court told defendant that before he could appeal the sentence, he must file a motion to reconsider within 30 days of the sentence. The court added that those 30 days had already passed. The court then told defendant,

> "In order to preserve the right to appeal following the disposition of the motion to reconsider sentence or any challenges regarding the sentencing hearing, you must file a notice of appeal in the Trial Court within 30 days from the entry of the order disposing of your motion to reconsider sentence or order disposing of any challenges to the sentencing hearing.
>
> So that's what is today. You have 30 days to file a new notice of appeal."

¶ 15    Defendant appealed. We dismissed his appeal, explaining that a motion to withdraw a negotiated guilty plea is a prerequisite to appeal under Rule 604(d), and defendant failed to move to withdraw his plea. *Bushman*, 2025 IL App (4th) 250551-U, ¶¶ 17-20.

¶ 16    Defendant petitioned the supreme court for leave to appeal. The supreme court denied his petition, but it directed us to vacate our judgment. It further directed us to "consider whether the admonition exception to the general rule requiring dismissal of an appeal for noncompliance with Rule 604(d)'s motion requirement applies in this case and determine if a different result is warranted." *Bushman*, No. 132772 (Ill. Mar. 25, 2026) (supervisory order).

¶ 17                                  II. ANALYSIS

¶ 18        On appeal, defendant argued he did not enter his guilty plea knowingly, voluntarily, and intelligently and he received ineffective assistance of counsel. He claimed that his trial counsel advised him that if he did not plead guilty, he would be jailed for violations of his pretrial release conditions. According to defendant, "The threat of immediate incarceration for pretrial violations created a coercive environment undermining Defendant's ability to make a free and informed choice." Defendant asked for leave to withdraw his guilty plea, and he asked us to reverse his conviction, reduce his sentence, or dismiss the charges.

¶ 19        As before, we find defendant failed to comply with Rule 604(d), so we do not reach the merits of his claim. Rule 604(d) states,

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment.
>
> No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment. For purposes of this rule, a negotiated plea of guilty is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

- 6 -

Under Rule 604(d), a defendant can appeal a conviction after a negotiated guilty plea only after moving to vacate the judgment and withdraw the plea. See *People v. Linder*, 186 Ill. 2d 67, 74 (1999); see also *People v. Jett*, 211 Ill. App. 3d 92, 97 (1991) ("The failure to file such a motion within [30 days] waives not only the opportunity to do so, but also defendant's opportunity to appeal from the guilty plea."). When the defendant fails to file the proper motion under Rule 604(d), "the appellate court generally cannot reach the merits of his arguments and must instead dismiss the appeal." *People v. DeRosa*, 396 Ill. App. 3d 769, 774 (2009); see *People v. Groves*, 2023 IL App (4th) 220979-U, ¶¶ 21-22.

¶ 20        Here, defendant agreed to a negotiated guilty plea with the State. Defendant pleaded guilty to one count of battery and one count of DUI. In exchange, the State dismissed two other charged counts. The State also recommended a sentence of 18 months' probation, 2 days' jail time, public service, and fines. The trial court confirmed these terms with defendant before accepting his guilty plea.

¶ 21        Defendant failed to move to withdraw his guilty plea. Although he filed a motion to reduce his sentence and a motion to vacate the revocation of his driver's license, neither motion asked the trial court to allow defendant to withdraw his plea. When the court gave defendant the opportunity to seek counsel to amend his posttrial motions, defendant elected to appeal based on the motions he had filed *pro se*.

¶ 22        In failing to move to withdraw his plea, defendant did not comply with Rule 604(d). When a defendant fails to comply with this Rule, the proper remedy is "generally" to dismiss the appeal. *DeRosa*, 396 Ill. App. 3d at 774. However,

> "[w]here a circuit court fails to give applicable [Illinois Supreme Court] Rule 605
> [(eff. Oct. 1, 2001)] admonishments and the defendant attempts to appeal without

first filing the motions required by Rule 604(d), the appeal is not dismissed. Rather, the appellate court must remand the cause to the circuit court for strict compliance with Rule 604(d)." *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 41 (2011).

See Ill. S. Ct. R. 605(c) (eff. April 15, 2024).

¶ 23 Rule 605(c) states that when a trial court sentences a defendant who entered a negotiated guilty plea, the court must provide the defendant with certain admonishments. Ill. S. Ct. R. 605(c) (eff. April 15, 2024). This includes admonishing the defendant at the time of sentencing of his right to appeal and the requirement that he move to withdraw his guilty plea before appealing. *Id.*

¶ 24 Here, the record does not indicate the trial court provided the required Rule 605 admonishments at the time of sentencing. Defendant's guilty plea and his sentencing were spread out over two hearings. The State and defendant offered the negotiated plea at a hearing in February 2025, but the court delayed formalizing defendant's sentence because a DUI evaluation was not on file. At the April 2025 hearing, the court confirmed that defendant agreed to the negotiated terms, and it sentenced defendant pursuant to the agreement. However, the court did not provide the required Rule 605 admonishments at either hearing.

¶ 25 At the hearing on defendant's motions, the trial court admonished defendant of his right to appeal and the 30-day deadline for a notice of appeal. The court also commented that it had already admonished defendant of his appeal rights.

¶ 26 However, we see no record of the trial court admonishing defendant of his appeal rights before the hearing on his motions. Even at that hearing, the court did not admonish defendant that he must move to withdraw his plea before appealing. Therefore, we find that the court did not sufficiently comply with Rule 605(c), and the admonition exception applies.

- 8 -

¶ 27          Accordingly, the proper resolution is to reverse and remand to the trial court for strict compliance with Rule 604(d). See *Skryd*, 241 Ill. 2d at 41; see also *People v. Flowers*, 208 Ill. 2d 291, 301 (2003).

¶ 28                                    III. CONCLUSION

¶ 29          For the reasons stated, we reverse the trial court's order and remand for further proceedings.

¶ 30          Reversed and remanded.